450 So.2d 1250 (1984)
Robert T. FYMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-137.
District Court of Appeal of Florida, Second District.
June 8, 1984.
*1251 Jerry Hill, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant attacks his conviction for grand theft on the ground that his right to a speedy trial was violated.
On April 6, 1981, appellant was arrested and taken into custody for delivery of, possession of, and conspiracy to traffic in methaqualone. A laboratory report dated April 9, 1981, indicated that the purported quaalude tablets were actually aspirin. On May 8, 1981, an information was filed charging appellant with the above mentioned crimes. Appellant was subsequently released on his own recognizance.
On July 1, 1981, a second information was filed charging appellant with grand theft and conspiracy to traffic in methaqualone. This information was based upon the same transaction as the original information. A capias was immediately issued pursuant to the new information.
On July 2, 1981, appellant appeared in court with his attorney for a disposition of the original charges. The state attorney advised him that the state had nolle prossed the original information. On July 31, 1981, the capias issued pursuant to the second information was stricken by the circuit court. On September 14, 1982, appellant was served with a capias[1] and arrested for grand theft and conspiracy to traffic in methaqualone. The appellant subsequently filed a motion for discharge under the speedy trial rule.
At the hearing on the appellant's motion for discharge, defense counsel contended that speedy trial ran from the date of appellant's original arrest, April 6, 1981, and that appellant had not been arrested or brought before the court on the second information within 180 days. The state argued that appellant had been released on his own recognizance on May 8, 1981, but moved without providing a forwarding address to the clerk of the court. Thus, the state contended that appellant was unavailable *1252 for trial until his arrest by capias on September 14, 1982. The state noted that an investigator had attempted to find appellant on one occasion prior to his arrest. The trial court denied appellant's speedy trial motion.
On January 3, 1982, appellant entered a plea of nolo contendere to the offense of grand theft, reserving the right to appeal the denial of his motion for discharge.[2] In order to perfect the record, appellant testified that before his second arrest he did not know that a new information had been filed against him. Appellant stated that he had been continuously available for trial in the first case which was nolle prossed on July 2, 1981. If appellant had known new charges were filed, he would have contacted his attorney. After the appellant testified, the assistant state attorney asked that a ledger in which appellant's rental payments were recorded be included in the court file. The ledger showed that appellant had vacated his apartment on August 10, 1981. Appellant's plea of nolo contendere was then accepted, adjudication was withheld, and appellant was placed on four years probation.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that a person charged with a felony shall without demand be brought to trial within 180 days. This time period begins to run when the defendant is arrested "as a result of the conduct or criminal episode giving rise to the crime charged." Wright v. State, 387 So.2d 1060 (Fla. 5th DCA 1980); Fla.R.Crim.P. 3.191(a)(4). Under the speedy trial rule, the time within which a person must be tried cannot be extended by the state entering a nolle prosequi to a crime charged and then prosecuting new or different charges based on the same conduct or criminal episode. State v. Rheinsmith, 362 So.2d 698 (Fla. 2d DCA 1978); Fla.R.Crim.P. 3.191(h)(2).
Because appellant was first arrested as a result of the same conduct which gave rise to the charges in the second information, the speedy trial period commenced on April 6, 1981, the date of that first arrest. There is no dispute that more than 180 days had elapsed between the date of the first arrest and the date appellant filed his motion for discharge. Essentially, the state argues that the appellant was unavailable for trial during the 180-day period because he moved without providing a forwarding address.[3] However, the record reflects that the recognizance form which directed that appellant leave a forwarding address was for the first information which was nolle prossed. Since appellant had no notice of the new charges filed on July 1, 1981, there was no reason why he should have remained available for trial. A defendant is unavailable for trial if he or his counsel fails to attend a proceeding where their presence is required by the rules. Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981); Fla.R. Crim.P. 3.191(e). Such absence was not proved by the state below. Moreover, there was no testimony or finding that appellant knew he was wanted by the police or was evading arrest. See State ex rel. Green v. Patterson, 279 So.2d 362 (Fla. 2d DCA 1973). Thus, the delay in trial was not attributable to him.
Accordingly, the conviction is reversed, and the appellant is discharged.
HOBSON, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Although it is unclear from the record, it appears that the appellant was served with the capias which had been previously stricken.
[2] The charge of conspiracy to traffic in methaqualone was nolle prossed by the state.
[3] The state also contends that because this court previously denied without opinion the appellant's petition for writ of prohibition on the same point, such ruling has become the "law of the case" and cannot be changed. Even though the filing of a petition for writ of prohibition is a proper remedy to attack a speedy trial violation, prohibition is a discretionary writ. State ex rel. Rheinauer v. Malone, 40 Fla. 129, 23 So. 575 (1898). Therefore, we do not view our denial of the petition which was filed only a few days before the scheduled trial and supported by insufficient documentation as establishing the "law of the case." In any event, since we still have jurisdiction, we have the authority to change the "law of the case" if we conclude that our prior ruling was in error. Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla. 1952), cert. denied sub nom. Rensta v. Beverly Beach Properties, Inc., 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954).