FRANK, Judge.
The state appeals from the trial court’s order dismissing the information charging the appellant, David Allen Johnson, with a felony and two misdemeanors based upon the same criminal event.
Johnson was arrested on September 30, 1984, for the felony offenses of shooting into an occupied dwelling, an act violative of section 790.19, Florida Statutes, and using a firearm while committing a felony, conduct condemned under section 790.07(1), Florida Statutes. The arrest report indicates Johnson’s female neighbor heard gun shots coming from his apartment and she experienced bullets penetrating her wall which struck objects in her living room. The police officers found that two bullets had in fact entered the neighbor’s apartment. The police arrested Johnson immediately following the neighbor’s complaint and advised him of his Miranda rights. Johnson admitted firing his .357 magnum pistol into the roof and walls of his apartment because he was depressed.
On November 28, 1984, the state filed a “Notice of No Bill” reciting that the charge of use of a firearm while committing a felony was terminated and dismissed for the reason that the case had been transferred to county court. On the same date an information was filed in county court charging appellant with criminal mischief in violation of section 806.13, Florida Statutes, and culpable negligence in violation of section 784.05, Florida Statutes. Thereafter, on December 27, 1984, the state also filed an information in the trial court charging Johnson not only with shooting into a dwelling, a felony punishable under section 790.19, Florida Statutes (1983), but also with the acts constituting the two misdemeanor charges pending in the county court. On January 7, 1985, Johnson moved the county court for the entry of an order dismissing the information based upon the expiration of the 90 day speedy trial period governing the prosecution of misdemeanors. Rule 3.191(a)(1), Florida Rules of Criminal Procedure. The motion was granted on January 16, 1985.
On February 18, 1985, Johnson attacked the felony-misdemeanor information in the *280 trial court in a motion to dismiss grounded, inter alia, upon rule 3.191(h)(2). That court granted the motion on February 25, 1985, and dismissed the information.
Rule 3.191(h)(1) forecloses any attempt to revitalize the misdemeanor charges once having been discharged because of failure to comply with the speedy trial requirement. See Weed v. State, 411 So.2d 863 (Fla.1982). The felony charge, however, was not barred by rule 3.191(h)(1) merely because Johnson had been discharged from the misdemeanors. State v. Sherman, 403 So.2d 1022 (Fla.2d DCA 1981). Although the trial court’s order is not explicit, we conclude that termination of the proceeding in Case No. CF84-3401 was deemed to have brought rule 3.191(h)(2) into play with the result that prosecution of the information in the instant matter was barred. Rule 3.191(h)(2) was not applicable; it becomes operative in the circumstance where the state seeks to avoid the effect of rule 3.191(a)(1) through the artifice of terminating a pending criminal proceeding, subsequently reinstituting it based upon “new and different charges” grounded upon the same conduct or criminal episode and then achieving a second arrest. See Fyman v. State, 450 So.2d 1250 (Fla.2d DCA 1984). Here, however, it cannot be said that the state was attempting to avoid the effect of rule 3.191(a)(1). The second, or current, information filed on December 27, 1984, was well within the 180 day period following Johnson’s arrest. The filing by the state of the “Notice of No Bill” had no effect upon the later prosecution of Johnson under the current information. The trial court was in error in granting Johnson’s motion to dismiss.
Accordingly, the trial court’s order is vacated to the extent that it dismisses the felony charge, and this matter is remanded for further proceedings consistent with this opinion.
GRIMES, A.C.J., and LEHAN, J., concur.