584 So.2d 1015 (1991)
Anthony SPURLOCK, Petitioner,
v.
The Honorable Michael F. CYCMANICK, Circuit Court Judge, Etc., Respondent.
No. 91-29.
District Court of Appeal of Florida, Fifth District.
June 20, 1991.
Rehearing Denied September 12, 1991.
Joseph DuRocher, Public Defender, and William C. Hancock, II, Asst. Public Defender, Orlando for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
DIAMANTIS, Judge.
The petitioner, Anthony Spurlock, pursuant to rule 9.030(b)(3) of the Florida Rules of Appellate Procedure, has requested that this court issue a writ of prohibition to prevent the respondent, The Honorable Michael F. Cycmanick, from trying petitioner on a felony charge of aggravated battery. We issued a stay order. After consideration of the petition, we conclude that the petition is without merit. Accordingly, we deny the petition and vacate the order staying the trial court proceedings.
Petitioner claims that to try him on this felony would constitute double jeopardy and violate his right to a speedy trial under rule 3.191(a)(1) of the Florida Rules of Criminal Procedure. The record shows that petitioner was first charged with misdemeanor battery and that while that *1016 charge was pending an information charging petitioner with committing the felony offense of aggravated battery, based upon the same underlying criminal conduct, was filed within 180 days following petitioner's arrest. The misdemeanor battery charge was later dismissed because petitioner was not brought to trial within the required ninety day period. At that discharge hearing the petitioner, through his attorney, was informed of the pending felony information and case number. After dismissal of the misdemeanor charge and about the time of his arraignment on the felony charge petitioner left Florida and went to Michigan. Petitioner did not appear for his arraignment on the felony charge.
A speedy trial discharge on a lesser included misdemeanor charge does not bar a prosecution for a felony offense which is grounded upon the same conduct or criminal episode when the latter prosecution is filed within 180 days following arrest. State v. Johnson, 479 So.2d 279 (Fla. 2d DCA 1985). In Johnson, the court stated:
Rule 3.191(h)(1) forecloses any attempt to revitalize the misdemeanor charges once having been discharged because of failure to comply with the speedy trial requirement. Weed v. State, 411 So.2d 863 (Fla. 1982). The felony charge, however, was not barred by Rule 3.191(h)(1) merely because Johnson had been discharged from the misdemeanors. State v. Sherman, 403 So.2d 1022 (Fla. 2d DCA 1981). Although the trial court's order is not explicit, we conclude that termination of the proceedings in Case Number CF 84-3401 was deemed to have brought Rule 3.191(h)(2) into play with the result that prosecution of the information in the instant matter was barred. Rule 3.191(h)(2) was not applicable; it becomes operative in the circumstances where the state seeks to avoid the effect of Rule 3.191(a)(1) through the artifice of terminating a pending criminal proceeding, subsequently reinstituting it based upon "new and different charges" grounded upon the same conduct or criminal episode and then achieving a second arrest. See Fyman v. State, 450 So.2d 1250 (Fla. 2d DCA 1984). Here, however, it cannot be said that the state was attempting to avoid the effect of Rule 3.191(a)(1). The second, or current, information filed on December 27, 1984 was well within the 180 day period following Johnson's arrest. The filing by the state of the "Notice of No Bill" had no effect on the later prosecution of Johnson under the current information. The trial court was in error in granting Johnson's motion to dismiss.
Id. at 280.
We conclude that a dismissal on speedy trial grounds of a necessarily included lesser offense does not bar a prosecution for the greater offense. A dismissal of a lesser offense on speedy trial grounds is analogous to the situation where a prosecution of a lesser offense, and not the greater offense, is time-barred by the statute of limitations. A statute of limitations defense is an absolute protection against prosecution or conviction for a crime which is time-barred. Tucker v. State, 459 So.2d 306, 309 (Fla. 1984). The speedy trial time-barred defense operates to bar prosecution only for the crimes as specified in Florida Rule of Criminal Procedure 3.191(h)(1). This rule provides:
Rule 3.191 Speedy Trial
* * * * * *
(h)(1) Discharge from Crime; Effect. Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense. (emphasis added).
This rule specifically bars prosecution only for the crime charged and any other crimes which might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense. Neither expressly nor impliedly does this rule bar prosecution for greater degree crimes which might have been charged as a result of the same conduct or criminal episode.
*1017 Rule 3.191(i)(3) does not enlarge the effect of rule 3.191(h)(1). Rule 3.191(i)(3) specifically provides that if a defendant is not brought to trial within the fifteen-day window period, he shall be discharged from the crime. Under rule 3.191(i)(3) the crime from which the defendant is discharged is the crime with which he was charged. Unlike rule 3.191(h)(1), rule 3.191(i)(3) does not refer to any additional crimes for which the defendant might have been charged as a result of the same conduct or criminal episode. We also note that the petitioner was never placed in jeopardy on the misdemeanor battery charge because the county court never empanelled and swore in a jury to try the charge.
We further hold that trying petitioner on the felony aggravated battery charge does not violate his right to a speedy trial under rule 3.191(a). Under rule 3.191(e), the initial burden is on the state at the discharge hearing. State v. Antonietti, 558 So.2d 192 (Fla. 4th DCA 1990). Rule 3.191(e) states:
No presumption of non-availability attaches but if the state objects to discharge and presents any evidence tending to show non-availability of the defendant, the accused must by competent proof establish availability during the term.
In this case no evidence was offered at the speedy trial hearing. However, the prosecuting attorney argued that petitioner waived the speedy trial time because he failed to appear at the felony arraignment and he had just been returned to Florida after being extradited from Michigan. Petitioner's attorney responded that once petitioner was discharged on the misdemeanor (on March 16, 1990), he moved to Michigan during the following month. Counsel agreed that petitioner did not appear for the felony arraignment (April 4, 1990), and that he did not return to Florida until he was arrested in Michigan, posted bond and returned to Florida sometime around November of 1990. We construe these statements by petitioner's counsel and his agreement with the statements made by the prosecutor as being either an admission or stipulation that petitioner was not available for trial. Freeman v. State, 450 So.2d 301 (Fla. 5th DCA 1984). See also Dick v. United States, 40 F.2d 609 (8th Cir.1930); Davidson v. State, 737 S.W.2d 942 (Tex. App. 1987). These admissions or stipulations concerning petitioner's unavailability constituted evidence tending to show the nonavailability of petitioner. Consequently, under rule 3.191(e), the petitioner was required to establish, by competent evidence, his availability. Petitioner failed to offer any such competent evidence.
As for the matter of lack of personal jurisdiction over petitioner at the time of the April 4, 1990 felony arraignment, this argument was neither raised in the trial court nor in the petition before us. Also, petitioner failed to present any evidence on this point to the trial court. Further, unlike jurisdiction of the subject matter, personal jurisdiction can be conferred either by waiver or consent. See 15 Fla.Jur.2d, Criminal Law § 562 (1979). Accord Campbell v. Dade County, 113 So.2d 708 (Fla. 3d DCA 1959). Because petitioner has not raised this argument and because personal jurisdiction can be conferred by waiver we should not consider this matter of lack of personal jurisdiction at the time of the April 4, 1990 arraignment. Appellate courts should not inject issues into a case that have not been raised by the parties unless the issues constitute fundamental error, which is not the situation in the instant case. In this case, the reason for this exercise of judicial restraint is even stronger because no evidence was presented to the trial court. In this regard we would have to speculate on what the evidence would show. We find it totally unacceptable to engage in this factual speculation.
Accordingly, we decline to issue the writ of prohibition and we vacate our prior order staying the trial proceedings.
WRIT DENIED and STAY ORDER VACATED.
W. SHARP, J., concurs.
COWART, J., dissents with opinion.
*1018 COWART, Judge, dissenting.
On November 23, 1989, the defendant was arrested for criminal conduct occurring on that date. He posted and was released on, an appearance bond. On December 11, 1989, a misdemeanor information was filed in county court charging defendant with a misdemeanor of simple battery based on the conduct for which he was arrested. The posted appearance bond was referenced to this misdemeanor charge[1] and pursuant to his promise to appear the defendant appeared on January 11, 1990 in county court and was arraigned on the misdemeanor battery charge. On January 22, 1990, the State filed an information in circuit court charging the defendant with the felony of aggravated battery based on the same conduct for which he was arrested and which was the basis for the misdemeanor charge pending in the county court. No capias or arrest warrant was issued on the felony charge when it was filed. On February 21, 1990, the speedy trial rule 90 day period on the misdemeanor charge expired.[2]
On February 26, 1990 (95 days after he was arrested) the defendant filed in the county court his first motion for discharge under the speedy trial rule. A trial date was set beyond the fifteen day window period.[3] On March 15, 1990 (112 days after arrest and two days beyond the fifteen day window period) the defendant filed in the county court his second motion for discharge under the speedy trial rule. On March 16, 1990, upon motion and hearing, the county court discharged defendant on the misdemeanor charge for failure of the State to provide a speedy trial.
The State scheduled arraignment in circuit court on the felony charge for April 4, 1990. There is no evidence that the defendant was given notice of that arraignment date. When the defendant did not appear for arraignment on the felony charge in the circuit court, a capias was issued. On July 17, 1990, the speedy trial rule 175 day period expired on the felony charge.[4] Sometime in about October, 1990, the defendant was arrested in Michigan, posted bond, voluntarily flew back to Orlando, submitted himself to the jurisdiction of the circuit court and retained counsel who filed in the circuit court a motion to discharge because of the expiration of the 175 day speedy trial rule period on the felony charge. That motion was denied and the defendant has petitioned this court for a Writ of Prohibition to grant his trial on the felony charge in the circuit court. The majority opinion denies that writ.
Florida Rule of Criminal Procedure 3.191(h)(1) provides for the effect of being discharged under the speedy trial rule and states that:
Discharge from Crime; Effect. Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.
Rule 3.191(i)(3) also provides that in the case of a defendant being charged with a misdemeanor, the defendant shall, upon motion timely made with the court at the expiration of the prescribed time period, be "forever discharged" from the crime.
At the hearing before the circuit court on the defendant's speedy trial motion for discharge of the felony charge the main defense argument was that since the simple battery misdemeanor offense was a necessarily lesser included offense and a necessary element and ingredient of the felony aggravated battery offense and the defendant had been "forever discharged" by the *1019 county court as to the lesser misdemeanor battery offense, the defendant was necessarily "forever discharged" as to the greater felony aggravated battery offense. The State argued that when the State filed the felony information in the circuit court on January 22, 1990, "there was no longer a misdemeanor case to be handled by Misdemeanor Court" and that "Judge Bronson [the county court judge who on March 16, 1990, entered the order discharging the defendant on the misdemeanor battery charge] after that, had no subject matter jurisdiction to do anything with the misdemeanor case, much less discharge it... ." The State further argued that because the defendant did not appear at the arraignment "scheduled" in circuit court for April 4, 1990, the defendant waived speedy trial.
The defense counsel pointed out that in arguing that the county court did not have jurisdiction over the misdemeanor charge after the State, on January 22, 1990, filed the felony charge in circuit court the State was changing its position in that the State appeared in the county court in March, 1990, and argued against both of the defendant's motions for discharge and did not then argue that the county court did not have jurisdiction. Defense counsel further argued case law (State v. Adjmi, 170 So.2d 340, 343 (Fla. 3d DCA 1964); Cottonbelt Ins. Co. v. State, 392 So.2d 34 (Fla. 3d DCA 1980)) to the effect that the filing of a new indictment or information for an offense already charged leaves both charges standing.
The circuit court judge denied the motion to dismiss the felony charge ruling that the misdemeanor charge in the county court was "superseded" by the filing of the [felony] information in circuit court encompassing and dealing with the same criminal episode or conduct. The trial court also felt that the filing of the felony information in the circuit court operated as a nolle prosequi or dismissal of the misdemeanor information in the county court because of the "supersedes stamp" on the felony information.[5]

COUNTY COURT JURISDICTION
The county court had perfected jurisdiction over the misdemeanor charges before it and that jurisdiction was not divested by the State filing a felony charge in the circuit court based on the same underlying conduct. Although the State could have, and should have, dismissed the misdemeanor charges in the county court after it filed the felony charge in the circuit court as to the same conduct, the State did not file a nolle prosequi nor a Motion to Dismiss the misdemeanor charges in the county court, but to the contrary, appeared before the county court and opposed the defendant's two motions for speedy trial rule discharge as to the misdemeanor battery offense. Both the state attorney and the circuit judge were confused and misled by the practice in Orange County of the state attorney (or someone) stamping informations in what appears to be an attempt to correlate three matters: (1) appearance bonds, (2) complaint numbers that the Sheriff's Office assigns to its arrest and investigative paper work and, (3) informations filed by the state attorney in court relating to the same matters.[6] This stamped information is obviously intended only to direct the Sheriff's Office to indicate on its records that the formal charges embodied in the information as filed substitutes for and supersedes *1020 the informal charges (accusations of crime) shown on the Sheriff's Office records relating to the original arrest, investigation and appearance bond. Although the state attorney's "supersedes stamp" helps the Sheriff's Office correlate its arrest and bond records with the actual criminal charges as filed, there is no rule nor statute authority for this practice and this stamped information in no manner relates to the substance of the charges contained in the information or affects or controls the legal effect of the charging document or the jurisdiction of any court. The state attorney cannot by stamping anything on any documents in a felony case filed in the circuit court effectively nol pros or dismiss an information charging a misdemeanor pending in the county court.[7]

DISCHARGE AS TO NECESSARILY LESSER INCLUDED OFFENSE CONSTITUTES DISCHARGE AS TO GREATER OFFENSE:
Essentially this case presents the issue of whether a discharge under the speedy trial rule (Rules 3.191(h)(1) and 3.191(i)(3)) as to a necessarily lesser included offense bars a later prosecution for a greater offense when both offenses are based on the same factual event or conduct. The majority opinion cites State v. Johnson, 479 So.2d 279 (Fla. 2d DCA 1985) as authority for holding that the discharge of the defendant in the county court as to the misdemeanor battery charge does not act to discharge the defendant of the felony aggravated battery charge in the circuit court, based on the same conduct or factual episode. In State v. Johnson, an information was filed in county court charging two misdemeanors (criminal mischief under section 806.13, Florida Statutes and culpable negligence under section 784.05, Florida Statutes) and thereafter an information was filed in the circuit court charging the defendant with shooting into an occupied dwelling, a felony under section 790.19, Florida Statutes, and also in separate counts the same two misdemeanors charged in the information pending in the county court. The county court discharged the defendant as to the two misdemeanor charges under the speedy trial rule for failure of the State to prosecute those charges within the 90 day speedy trial period relating to misdemeanors. Thereafter, the defendant attacked the combination felony-misdemeanor information in the circuit court based on the discharge as to the two misdemeanor charges in the county court. The circuit court dismissed the entire information charging the felony and the two misdemeanors. The State appealed and the appellate court upheld the dismissal as to the two misdemeanor charges but held that the felony charge was not barred merely because it had been alleged in the same information with the two misdemeanors as to which the defendant had been granted a speedy trial rule discharge in the county court. Johnson appears to be good law. In fact it is authority for the conclusion that the trial court in this case was in error in holding that the county court lost jurisdiction over the misdemeanor charges before it merely because those charges are included in an information subsequently filed in the circuit court. However, Johnson does not relate to the essential issue in this case because in Johnson the two misdemeanor charges to which the speedy trial discharge related (criminal mischief (§ 806.13) and culpable negligence (§ 784.05)) were not necessarily lesser included offenses of the felony charged in the information in the circuit court in Johnson. The felony charge in Johnson was shooting into an occupied dwelling (§ 790.19, Fla. Stat.), and that charge could be proved without necessarily proving either of the two misdemeanor charges also included in the combination felony-misdemeanor information in the circuit court but which were later discharged in the county court under the speedy trial rule. However, in this case the felony charge of aggravated battery (section 784.045(1)) cannot be proved without proving the misdemeanor battery offense (section 784.03, Florida Statutes). See Fla.Std. Jury Inst. (Crim.), Schedule of Lesser Included Offenses (§ 893.13(1)(a), Fla. Stat.) in which Battery (section 784.03, *1021 Florida Statutes) is shown as a category 1 lesser included offense of aggravated battery (section 784.045(1)(a) and (b), Florida Statutes). Therefore, State v. Johnson is not in point and the question remains as to whether a defendant who has been "forever discharged" of a misdemeanor charge for failure of the State to comply with the speedy trial rule may later be tried for a greater felony offense which necessarily includes within its very definition and proof the misdemeanor charge, and the conduct underlying the misdemeanor charge, as to which the defendant has been "forever discharged."
There is absolutely no question, regardless of the theory or basis (i.e., (1) the Blockburger[8] test, (2) the modified Blockburger test expressed in Carawan v. State, 515 So.2d 161 (Fla. 1987), (3) section 775.021(4)(b)3., Florida Statutes, or (4) under the latest United States Supreme Court double jeopardy case of Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)) that a discharge on double jeopardy principles as to a necessarily lesser included offense bars a later prosecution as to a greater offense based on the same conduct.
The only question is whether a "discharge" under the speedy trial rule is as effective as a discharge under double jeopardy principles. This question involves the intent of the speedy trial rule. The rule uses the words "forever discharged." Those words do not contain substance and do not mean too much if they mean that after a "forever discharge" as to conduct described as a misdemeanor battery a person can be tried for the same conduct if it is repackaged and recharged as part of another criminal offense and labeled something else (i.e., a felony or an aggravated battery). The issue should not be whether the trial judge or appellate judge likes or dislikes the result of applying the speedy trial rule. The Supreme Court of Florida adopted concepts involved in the words employed in the speedy trial rule at the special and express direction of the legislature to implement the right to a speedy trial guaranteed by the Constitution of the State of Florida[9] (see § 918.015(2), Fla. Stat.) and until that court states it did not mean the plain meaning of the words in the rule, the words should be construed to mean what they state, the rule shall be applied uniformly to provide equality under law, and be given a meaning in substance that cannot be manipulated away by changes in the form of the charges.
The problem in this case results from a number of errors made by the prosecution:
(1) The State should not have filed an information in the county court alleging a misdemeanor battery charge if it intended to file felony charges on the same conduct.
(2) Having filed felony charges in the circuit court the State should have immediately dismissed the misdemeanor charge in the county court based on the same conduct.[10]
(3) When the felony charges were filed in the circuit court on January 22, 1990, the State should have promptly caused the circuit court to perfect its jurisdiction by causing the defendant to appear before the circuit court at an arraignment on those charges either by informal agreement with the defendant and his counsel or by formally causing a capias to be issued from the circuit court as directed by Rule 3.131(j).[11] *1022 The circuit court does not perfect its in personam jurisdiction over the defendant in the felony case until the defendant appears before the court.
NOTES
[1] See note 6.
[2] Florida Rule of Criminal Procedure 3.191(a)(1).
[3] Florida Rule of Criminal Procedure 3.191(i)(3). See generally, Yetter, Florida's New Speedy Trial Rule: The "Window of Recapture", 13 Fla.St.U.L.Rev. 9 (1985) and Raiden, Speedy Trial  The Unanswered Questions, 63 Fla. Bar J. 17 (1989).
[4] Florida Rule of Criminal Procedure 3.191(a)(1).
[5] See note 6.
[6] The Sheriff's complaint number relating to this incident appears to be CR89-11620; the information charging the misdemeanor battery charge in the county court is numbered XX-XXXXXX; the felony aggravated battery charge in the circuit court is CR90-1048.

The stamp on the information in county court is as follows:
This information encompasses the transaction and all charges listed on Complaint Number, CR89-11620 and the bond thereon is hereby superseded. The Orange County Sheriff's Office shall substitute the charge(s) and bond indicated on this information for those on the above cited complaint.
The stamp on the information in circuit court is as follows:
This information encompasses the transaction and all charges listed on Complaint Number, MS89-16570 and the bond thereon is hereby superseded. The Orange County Sheriff's Office shall substitute the charge(s) and bond indicated on this information for those on the above cited complaint.
[7] See State v. Vazquez, 450 So.2d 203 (Fla. 1984).
[8] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[9] Art. I, § 16, Fla. Const.
[10] If "the same offense" (the misdemeanor battery charge in the county court and the offense as an inherently necessarily included offense of the felony aggravated battery offense in the circuit court) is pending before two courts at the same time the State is vulnerable to its felony charge being barred in the event the defendant is by time or plea put in jeopardy on the misdemeanor offense, or, as in this case, the defendant is discharged on the misdemeanor charge because of a speedy trial rule violation.
[11] Florida Rule of Criminal Procedure 3.131(j) provides that "Upon the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest of such person."