322 So.2d 10 (1975)
The Honorable Robert W. RAWLINS, Petitioner,
v.
Timothy S. KELLEY, Respondent.
No. 45063.
Supreme Court of Florida.
July 31, 1975.
E.J. Salcines, State's Atty., Robert Lee Dennis and Jack W. Crooks, Asst. State's Attys., for petitioner.
Stuart W. Umbarger and H. Lee Moffitt, Straske & Moffitt, Tampa, for respondent.
ROBERTS, Justice.
This cause is before us on Petition for Writ of Certiorari granted to review the decision of the District Court of Appeal, Second District, in State ex rel. Kelly v. Rawlins, 289 So.2d 444 (Fla.App. 2nd 1974), which purportedly conflicts with State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla. 1956), State v. Bernard, 254 So.2d 38 (Fla.App. 3rd, 1975).
Respondent, a minor of 15 years of age, was arrested on April 7, 1973, at a convenience store for armed robbery of that store on March 20, 1973. On April 13, 1973, a Complaint was filed with an Intake Officer with the Division of Youth Services of Hillsborough County, Florida, alleging the respondent to be delinquent by alleging that he committed the aforesaid offense. On April 23, 1973, respondent was arrested at his home for armed robbery of two convenience stores on April 19, 1973. On May 2, 1973, a two-count Complaint was filed with an Intake Officer with the Division of Youth Services of Hillsborough County, Florida, alleging the respondent to be delinquent by alleging that he committed the two aforesaid offenses. On May 23, 1973, the State Attorney of Hillsborough County, Florida, filed a three-county Petition in the Juvenile and Domestic Relations Division of the Circuit Court, Thirteenth Judicial Circuit in and for Hillsborough County, Florida, requesting that that Court take jurisdiction of respondent and adjudicate him to be a delinquent *11 child for committing the aforesaid offenses. On August 10, 1973, upon motion for discharge filed by respondent, that court entered an order dismissing the petition against respondent with prejudice and directing that the case be closed because the speedy trial rule (Rule 8.120, Rules of Juvenile Procedure, and Rule 3.191, Rules of Criminal Procedure) had been violated. No appeal from that order dismissing petition was taken by the State of Florida. On October 10, 1973, 170 days after respondent was arrested for armed robbery the second time (April 23, 1973), the State Attorney of Hillsborough County, Florida, obtained two grand jury indictments charging respondent with the crimes of April 19, 1973, as had been previously charged in the petition filed May 24, 1973, and dismissed on August 10, 1973. On October 11, 1973, respondent was again arrested at his home for the April 19, 1973 offenses, and on October 12, 1973, respondent was arraigned on both indictments and entered a plea of not guilty to both indictments. Trial was scheduled on the first indictment for the following Tuesday, October 16, 1973, and on the second indictment for the following day, Wednesday, October 17, 1973. Both cases were scheduled to be heard before the Honorable Robert Rawlins, Circuit Judge, Hillsborough County, Florida. At arraignment, respondent moved to dismiss the indictments on the grounds of collateral estoppel, res adjudicata, and/or double jeopardy, which motion was denied.
Respondent then filed a petition for writ of prohibition with the District Court of Appeal seeking to prohibit the trial court from assuming jurisdiction of the cause and alleged as a basis therefor double jeopardy and estoppel. The District Court granted the writ of prohibition on the authority of Fain v. Duff, 488 F.2d 218 (U.S. 5th Cir.1973), wherein the United States Fifth Circuit Court of Appeals considered a case wherein a juvenile, sixteen years of age, who had been adjudged delinquent by a juvenile court because of a charge of rape was nine days later indicted for the same offense of rape. After the state courts in Florida had rejected Fain's argument that prosecution for him of rape would violate the double jeopardy clause of the Fifth Amendment to the Constitution, he filed a petition for writ of habeas corpus in the federal court, which was issued by the United States District Court, Middle District of Florida. The United States Circuit Court of Appeal affirmed the granting of the writ and found that the reprosecution of Fain as an adult would violate the Constitution's protection against double jeopardy made applicable in state proceedings by the Fourteenth Amendment. The court, therein, explained that a court proceeding which may result in incarceration places a person, adult or juvenile, in jeopardy, and that the status of one adjudicated delinquent or juvenile does not preclude him from asserting double jeopardy as a defense to a subsequent attempt by the state to criminally prosecute him as an adult for the same offense which led to his adjudication of delinquency.
Most recently in Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, opinion filed May 27, 1975, the Supreme Court of the United States was confronted with the question as to whether the prosecution of respondent, a juvenile, as an adult, after juvenile court proceedings resulting in a finding that respondent had violated a criminal statute and a subsequent finding that he was unfit for treatment as a juvenile, violated the Fifth Amendment guarantee against double jeopardy and held:
"We deal here, not with `the formalities of the criminal adjudicative process,' McKeiver v. Pennsylvania, 403 U.S. 528, at 551, 91 S.Ct. [1976] at 1989 [29 L.Ed.2d 647], but with an analysis of an aspect of the juvenile court system in terms of the kind of risk to which jeopardy refers. Under our decisions we can find no persuasive distinction in that regard between the proceeding conducted in this case pursuant to Cal.Welf. & *12 Inst'ns Code § 701 and a criminal prosecution, each of which is designed `to vindicate [the] very vital interest in enforcement of criminal laws.' United States v. Jorn, supra, 400 U.S. at 479, 91 S.Ct. [547] at 554. We therefore conclude that respondent was put in jeopardy at the adjudicatory hearing. Jeopardy attached when respondent was `put to trial before the trier of the facts,' ibid., that is, when the Juvenile Court, as the trier of the facts, began to hear evidence. See Serfass v. United States, 420 U.S. at 377, 95 S.Ct. 1055 [43 L.Ed.2d 265]." (emphasis supplied)
In Breed, supra, the Supreme Court of the United States explained:
"As we have observed, the risk to which the term jeopardy refers is that traditionally associated with `actions intended to authorize criminal punishment to vindicate public justice.' United States ex rel. Marcus v. Hess, supra, 317 U.S. 537 at 548-549, 63 S.Ct. [379] at 388 [87 L.Ed. 498]. Because of its purpose and potential consequences, and the nature and resources of the State, such a proceeding imposes heavy pressures and burdens  psychological, physical, and financial  on a person charged. The purpose of the Double Jeopardy Clause is to require that he be subject to the experience only once `for the same offense.' See Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); Price v. Georgia, 398 U.S., [323], at 331, 90 S.Ct. [1757] at 1762 [26 L.Ed.2d 300]; United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971).
* * * * * *
"We cannot agree with petitioner that the trial of respondent in Superior Court on an information charging the same offense as that for which he had been tried in Juvenile Court violated none of the policies of the Double Jeopardy Clause. For, even accepting petitioner's premise that respondent `never faced the risk of more than one punishment,' we have pointed out that `the Double Jeopardy Clause ... is written in terms of potential or risk of trial and conviction, not punishment.' Price v. Georgia, 398 U.S., at 329, 90 S.Ct. [1757] at 761."
Sub judice, the District Court in prohibiting the trial court from proceeding in the prosecution of respondent for charges of robbery from which he had been discharged by the Juvenile and Domestic Relations Division of the Circuit Court, relied on Fain v. Duff, supra, as authority.
The State properly submits that jeopardy did not attach in the instant case since it is well settled in Florida that jeopardy attaches at the time the jury is impaneled and sworn in a jury case or when the court begins to hear evidence in a non-jury proceeding. Allen v. State, 52 Fla. 1, 41 So. 593 (1906), State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla. 1956), 63 A.L.R.2d 777, Kennick v. State, 107 So.2d 59 (Fla.App. 1959), Bernard v. State, 254 So.2d 38 (Fla.App. 3, 1971), writ discharged with opinion 261 So.2d 133 (1972). See also, Ray v. State, 231 So.2d 813 (Fla. 1970) wherein this Court explicated that a plea of guilty entered to a valid criminal charge in either an indictment or information in a court of competent jurisdiction does upon acceptance raise the bar of former jeopardy against another prosecution for an offense based on the same transaction.
Sub judice, respondent was discharged pursuant to the speedy trial rule, and jeopardy never attached. Specifically, the Supreme Court of the United States held that jeopardy attached when the juvenile court in an adjudicatory hearing begins to hear the evidence. Although jeopardy did not attach, respondent was discharged pursuant to Rule 8.120, R.J.P., which provides:
"Rule 3.191 of the Rules of Criminal Procedure relating to Speedy Trial shall apply, modified by substituting appropriate *13 language relating to juvenile procedures for that applicable to criminal procedures, and by changing the time within which a case must be brought to trial for adjudication without demand from 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, to 90 days in all cases computed from the time the complaint is filed with the intake officer. This rule shall not apply to proceedings for permanent commitment of a child for subsequent adoption to a licensed child placing agency or the division of family services of the Department of Health and Rehabilitative Services."
In pertinent part, Rule 3.191 provides:
"(a)(1) ... and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; ...
* * * * * *
"(h)(1). Discharge from Crime; Effect. Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense."
Discharge under the speedy trial rule for failure to timely prosecute cannot serve to support a plea of former jeopardy because the defendant has not been put in jeopardy. Cf. State v. Doyle, 11 Ohio App.2d 97, 228 N.E.2d 863 (1967). However, since the discharge under the rule is for failure of state action to timely prosecute, such discharge by the clear language of the rule would rate as an estoppel against prosecution of defendant for the same offenses from which he has been previously discharged. Cf. Breed v. Jones, supra, and Fain v. Duff, supra.
For the reasons hereinabove stated, the judgment of the District Court of Appeal granting respondent's petition for writ of prohibition is affirmed.
It is so ordered.
ADKINS, C.J., and BOYD, McCAIN and OVERTON, JJ., concur.