BASKIN, Judge.
The state appeals an order dismissing the information against Defendant on double jeopardy grounds. We affirm.
Defendant was arrested on July 4, 1993, and issued the following tickets: two for DUI with serious injury, two for DUI with property damage and one for driving with a suspended license. Defendant pled not guilty; the matter was set for trial in county court. The court clerk then transferred the tickets to circuit court. Neither party requested a transfer, and the record does not reveal how the transfer was effected. On August 4, the state filed an information in circuit court charging defendant with felony DUI, two counts of DUI property damage and one count each of DUI personal damage, DUI impairment and driving with a suspended license; these charges arose from the same incident as the tickets. The cases were never consolidated.
The speedy trial period on the tickets ran on October 4. On October 15, defendant filed a Notice of Expiration of Speedy Trial in county court. The state took no action within the window period. Fla.R.Crim.P. 3.191(p)(3). Defendant filed a motion to discharge the tickets.
On November 18, Defendant filed a motion in circuit court to dismiss the information on double jeopardy grounds. On December 3, *587 the state nolle prossed the tickets.[1] On December 17, the court granted defendant’s motion and dismissed the information.
As a matter of law, defendant is forever discharged from the county court charges. After the speedy trial period ran on the misdemeanor ticket offenses, defendant filed appropriate motions for discharge. The state’s nolle prosequi was a nullity because the state took no action pursuant to Rule 3.191(p)(3) after the notice of expiration of speedy trial period was filed.[2] Rule 3.191(p)(3) provides that a defendant not brought to trial within 10 days of a hearing on a notice of expiration of speedy trial “shall be forever discharged from the crime.”
Double jeopardy bars the state from prosecuting defendant for the offenses discharged in county court. The tickets charged defendant with misdemeanor DUI in violation of section 316.193, Florida Statutes (1991), and the information charged defendant with a felony DUI violation of section 316.193, Florida Statutes (1991). Because neither offense contains a statutory element that the other offense does not, they do not constitute separate offenses as defined in section 775.021(4)(b), Florida Statutes (1993), and the Blockburger[3] test is not met; both offenses are identical.
Section 316.193 defines only one type of DUI offense,[4] see Collins v. State, 578 So.2d 30 (Fla. 4th DCA 1991), punished with increasing severity in successive violations. Jackson v. State, 634 So.2d 1103, 1106 (Fla. 4th DCA 1994) (en banc) (statutory scheme requires increased punishment “based on the number of times the defendant drives under the influence”). The elements of proof of both felony and misdemeanor DUI offenses are identical.
Although proving the existence of three prior DUI convictions is an essential element of felony DUI offense, State v. Rodriguez, 575 So.2d 1262 (Fla.1991), the sole distinguishing factor between the misdemeanor and the felony is the severity of punishment prescribed by section 316.193(2). See Rodriguez, 575 So.2d at 1266 (“if a defendant charged with felony DUI elects to be tried by jury, the court shall conduct a jury trial on the elements of the single incident of DUI at issue.... If the jury returns a guilty verdict as to that single incident of DUI, the trial court shall conduct a separate proceeding without a jury to determine, in accord with general principles of law, whether the defendant had been convicted of DUI on three or more prior occasions.”). Hence, the offenses fall under the section 775.021(4)(b)l. double jeopardy bar for “Offenses which require identical elements of proof.”
The state correctly asserts that, technically, jeopardy did not attach because no jury was sworn, and no evidence was taken on the discharged offense. “However, since the discharge under the [speedy trial] rule is for failure of state action to timely prosecute, such discharge by the clear language of the rule would rate as an estoppel against prosecution of defendant for the same offenses from which he has been previously discharged.” Rawlins v. Kelley, 322 So.2d 10, 13 (Fla.1975).[5] Where, as here, the *588 two offenses are identical, trying defendant on the same charge discharged under the speedy trial rule would violate the express prohibition of the rule.
Dismissal affirmed.

. Contrary to the state’s representation at oral argument, the state did not nolle prosse the tickets before the speedy trial period expired. (T-3, 6).

. The state’s argument that the charges were consolidated is without merit. Consolidation may be authorized by only the trial judge upon the proper motion of a party. Ashley v. State, 265 So.2d 685 (Fla.1972); Fla.R.Crim.P. 3.151. Neither the state nor the defendant filed a motion to consolidate. The court clerk’s transfer of the case did not effect a consolidation, and the clerk had no authority to consolidate the cases.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Section 316.193, Florida Statutes (1991) provides, in part:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages ...; or
(b) The person has a blood or breath alcohol level of 0.10 percent or higher.

. We agree with defendant that the holding in Nesworthy v. State, 648 So.2d 259 (Fla. 5th DCA 1994), is not binding on this issue, in view of the supreme court's subsequent pronouncement in Reed v. State, 649 So.2d 227 (Fla.1995).