676 So.2d 975 (1996)
STATE of Florida, Petitioner,
v.
William R. WOODRUFF, Respondent.
No. 86019.
Supreme Court of Florida.
May 16, 1996.
Rehearing Denied July 10, 1996.
*976 Robert A. Butterworth, Attorney General; and Paul M. Gayle-Smith and Michael J. Neimand, Assistant Attorneys General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender and Amy D. Ronner, Special Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
GRIMES, Chief Justice.
We have for review State v. Woodruff, 654 So.2d 585 (Fla. 3d DCA 1995), which expressly and directly conflicts with the decision in Spurlock v. Cycmanick, 584 So.2d 1015 (Fla. 5th DCA 1991). We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
On July 4, 1993, Woodruff was arrested and issued the following misdemeanor tickets: two for driving under the influence of alcohol (DUI) and causing serious bodily injury, two for DUI with property damage, and one for driving with a suspended license. Woodruff pled not guilty, and the matter was set for trial in county court. On August 4, 1993, the State filed an information in circuit court charging Woodruff with two counts of DUI with property damage and one count *977 each of DUI with damage to the person, DUI impairment, DUI with excessive blood alcohol level, driving with a suspended license, and DUI after three previous DUI convictions.[1] These charges arose from the incident for which the misdemeanor tickets were issued. Apparently because different state attorneys were handling the cases, no effort was made to consolidate the cases.
The ninety-day speedy trial period on the misdemeanor tickets ran on October 4, 1993. Woodruff filed a notice of expiration of speedy trial in county court on November 15, 1993. Because Woodruff had still not been brought to trial by December 2, 1993, he filed a motion to discharge. Woodruff also filed a motion in circuit court to dismiss the information on double jeopardy grounds. On December 3, 1993, the State nol-prossed the misdemeanor tickets. Woodruff's motion to dismiss the information was granted on December 17, 1993.[2]
The State appealed the order dismissing the information. The district court of appeal affirmed. The court reasoned that principles of double jeopardy barred the State from prosecuting Woodruff for the offenses charged in the information because they were the same as those originally filed in county court, with the sole distinguishing factor being the severity of punishment. The court went on to explain that even if the technical requirements of double jeopardy did not exist, the discharge of the county court case would constitute an estoppel against the prosecution of the same offenses in circuit court.
The State maintains that neither double jeopardy nor estoppel attached in the instant case. At the outset, we note that the technical prerequisites necessary for double jeopardy to attach were not met in the instant case.[3] However, while we have held that a speedy trial discharge will not operate to support a plea of double jeopardy because the defendant has not actually been put in jeopardy, we have also stated that because a discharge under the speedy trial rule "is for failure of state action to timely prosecute, such discharge by the clear language of the rule would rate as an estoppel against prosecution of defendant for the same offenses from which [the defendant] has been previously discharged." Rawlins v. Kelley, 322 So.2d 10, 13 (Fla.1975).
The principle of estoppel properly attached to the misdemeanor offenses contained in the information since these offenses are the same as those discharged in county court. However, estoppel did not attach to the felony DUI offense charged in the information because felony DUI is not the same offense as any of the misdemeanor ticket offenses. We reject the district court of appeal's determination that the only difference between the two offenses is the severity of punishment. Felony DUI requires proof of an additional element that misdemeanor DUI does not: the existence of three or more prior misdemeanor DUI convictions. § 316.192(2)(b), Fla.Stat. (1991); see also State v. Rodriguez, 575 So.2d 1262, 1264-65 (Fla.1991) (concluding that upon conviction of a fourth or subsequent DUI, the existence of three or more previous DUI convictions is an additional element which must be proved beyond a reasonable doubt to convict the offender for felony DUI). Felony DUI is therefore a completely separate offense from misdemeanor DUI, not simply a penalty enhancement. Consequently, the principle of estoppel did not work to bar prosecution of the felony DUI offense.
*978 Furthermore, Woodruff's reliance upon Reed v. State, 649 So.2d 227 (Fla.1995), is misplaced. In Reed, the defendant had been arrested for armed robbery and several traffic offenses which occurred when he was fleeing from the scene of the robbery. The State filed an information charging two counts of leaving the scene of an accident involving personal injury but later nol-prossed these charges. Subsequently, 245 days after his arrest, the State filed an information charging him with numerous felonies arising out of the robbery. We held that while the State may have a legitimate reason for not immediately filing charges against a defendant who has been arrested previously, the State is not authorized to simply let the speedy trial period run prior to filing additional charges. Reed is easily distinguished from the instant case because in Reed the information charging the defendant with felonies was not filed until after the speedy trial period had run. In the present case, the State filed the information before the felony speedy trial period ran. See Crain v. State, 302 So.2d 433, 434 (Fla. 2d DCA 1974) (explaining that the speedy trial rule does not bar prosecution of greater degree crimes because defendants charged with misdemeanors "ought be in no better position ... than [they] would have been had [the misdemeanors] not been filed insofar as the time within which [the defendants] must be brought to trial on the felony charge[s] is concerned").
Notwithstanding, a conviction of the felony DUI charge in the instant case would be impossible to obtain. Under section 316.193(2)(b), Florida Statutes (1991), a felony DUI conviction is obtained by proving a misdemeanor DUI conviction on the present charge and proof of three or more prior misdemeanor DUI convictions. Here, each present misdemeanor DUI charge was discharged, thereby rendering it impossible to prove the current misdemeanor DUI conviction. Without the current misdemeanor DUI conviction, the charge of felony DUI could not be proven.
In contrast, if Woodruff had been charged with the felony of DUI with serious bodily injury, a different result could have ensued. See Nesworthy v. State, 648 So.2d 259, 259-60 (Fla. 5th DCA 1994) (upholding a conviction of DUI with serious bodily injury that was tried within the felony speedy trial time even though an earlier charge of misdemeanor DUI had been nol-prossed and the misdemeanor speedy trial time had run). Florida Rule of Criminal Procedure 3.191(n) explains the result of a discharge under the speedy trial rule:
Discharge from a crime under this rule shall operate to bar prosecution of the crime charged and of all other crimes on which trial has not commenced nor conviction obtained nor adjudication withheld and that were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.

Fla.R.Crim.P. 3.191(n) (emphasis added). As the court stated in Spurlock, "[n]either expressly nor impliedly does this rule bar prosecution for greater degree crimes which might have been charged as a result of the same conduct or criminal episode." 584 So.2d at 1016. The only reason Woodruff prevails in this case is because of the unique requirement of section 316.193(2)(b) that there be a conviction of the current DUI misdemeanor in order to establish the crime of DUI after three previous DUI convictions.[4]
We approve Spurlock, but the case is distinguishable. We approve the result of the decision of the court below, but disapprove of its reasoning to the extent set forth in this opinion.
It is so ordered.
SHAW and HARDING, JJ., concur.
KOGAN and ANSTEAD, JJ., concur in result only.
*979 WELLS, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
WELLS, Justice, concurring in part and dissenting in part.
I concur with the majority that neither double jeopardy nor estoppel has attached in this case to preclude the State from prosecuting the felony driving-under-the-influence (DUI) offense charged in the information. Majority op. at 977. I also concur with the majority that because the felony DUI charge requires proof of an additional element that misdemeanor DUI does not, felony DUI is a completely separate offense and not simply a penalty enhancement. Id. at 977; see also State v. Rodriguez, 575 So.2d 1262 (Fla.1991). However, I do not agree with the majority's ultimate holding that section 316.193(2)(b), Florida Statutes (1991), requires that there be "a conviction for the current DUI misdemeanor in order to establish the crime of DUI after three previous DUI convictions." Majority op. at 978. In so holding, the majority is in conflict with its earlier statements and ignores the plain language of the statute.
The relevant portions of section 316.193, Florida Statutes (1991), provide:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood or breath alcohol level of 0.10 percent or higher.
(2)(a) Except as provided in paragraph (b), subsection (3), or subsection (4), any person who is convicted of a violation of subsection (1) shall be punished:
1. By a fine of:
a. Not less than $250 or more than $500 for a first conviction.
b. Not less than $500 or more than $1,000 for a second conviction.
c. Not less than $1,000 or more than $2,500 for a third conviction; and
2. By imprisonment for:
a. Not more than 6 months for a first conviction.
b. Not more than 9 months for a second conviction.
c. Not more than 12 months for a third conviction.
(b) Any person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; however, the fine imposed for such fourth or subsequent violation shall not be less than $1,000.
As is clear from the statute, a felony DUI conviction under section 316.193(2)(b) only requires two elements: a current conviction for a violation of subsection (1); and three or more prior convictions of subsection (1). See also Rodriguez, 575 So.2d at 1265. In Rodriguez we precisely stated:
Section 316.193(2)(b) of the Florida Statutes (Supp.1988) requires that "[a]ny person who is convicted of a fourth or subsequent [DUI violation] is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." As in [State v.] Harris, [356 So.2d 315 (Fla. 1978),] we conclude that the existence of three or more prior DUI convictions is an essential fact constituting the substantive offense of felony DUI.
Moreover, the logic supporting our jurisdictional holding above also supports the conclusion that three prior DUI convictions combine as an essential element of felony DUI. The circuit court has jurisdiction only because the offense is a felony. It is a felony only by virtue of the fact that the defendant has been convicted of three or more prior DUI violations. It follows that because this fact is essential to the definition of the crime of felony DUI, it is *980 an essential element that must be noticed and proved beyond a reasonable doubt. Art. I, §§ 9, 16, Fla. Const.
Rodriguez, 575 So.2d at 1265 (footnote omitted).
Contrary to the majority opinion, section 316.193(2)(b), Florida Statutes (1991), does not require a conviction for the present DUI misdemeanor in order to establish the crime of DUI after three previous DUI convictions. Convictions for each of the first three DUI offenses, punishable as provided under subdivision (2)(a), would be misdemeanors.[5] However, when the State seeks a felony DUI conviction for a fourth or subsequent DUI offense under subdivision (2)(b), subdivision (2)(a) expressly states that it does not apply. See § 316.193(2)(a) ("Except as provided in paragraph (b) ..., any person who is convicted of a violation of subsection (1) shall be punished...."). The felony DUI conviction is therefore not reliant on a present misdemeanor conviction but rather a present conviction based upon proof of driving under the influence in violation of subsection (1). Once the facts supporting this charge are proven, the State must then prove the charge of three or more prior violations of subsection (1) in order to satisfy the essential elements of felony DUI. Rodriguez.
As the foregoing discussion shows, the majority opinion is internally inconsistent. Affording the statute its plain meaning and applying our holding in Rodriguez resolves this inconsistency. However, it requires that we quash the decision below and not approve it.
OVERTON, J., concurs.
NOTES
[1] The only felony charged by information was DUI after three previous DUI convictions as proscribed by section 316.193(2)(b), Florida Statutes (1991). The ticket which charged Woodruff with DUI with serious injury which might have resulted in a felony charge of DUI with serious bodily injury under section 316.193(3)(c)2, Florida Statutes (1991), was apparently reduced to a misdemeanor charge of DUI with damage to the person.
[2] Had the cases been consolidated by a timely motion of the State or Woodruff, the county court's jurisdiction over the original charges would have been lost and the circuit court's dismissal of the information would have been void. Fla.R.Crim.P. 3.151(a), (b).
[3] For double jeopardy to attach, a jury must have been impaneled and sworn in by the court, or, in a nonjury proceeding, the court must have begun hearing evidence. Rawlins v. Kelley, 322 So.2d 10, 12-13 (Fla.1975).
[4] It is the need to prove a current conviction which controls the outcome of this case. This rationale would not be applicable in a case in which the crime discharged by reason of the speedy trial rule was merely an element of the greater crime. Thus, the dismissal of a charge of petit theft under the speedy trial rule would not serve to bar prosecution of a defendant charged with robbery even though petit theft is a necessarily lesser included offense of robbery.
[5] In Florida, a "misdemeanor" is defined by statute as any criminal offense punishable by imprisonment in a county correctional facility not in excess of one year. See § 775.08, Fla.Stat. (1991).