766 So.2d 1085 (2000)
STATE of Florida, Appellant,
v.
Emmanuel PSOMAS, Appellee.
No. 2D99-4509.
District Court of Appeal of Florida, Second District.
July 26, 2000.
Rehearing Denied August 17, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
William Newt Hudson, Tarpons Springs, for Appellee.
PARKER, Acting Chief Judge.
The State challenges the trial court's order dismissing a felony driving under the influence (DUI) charge against Emmanuel Psomas. Because of the Florida Supreme Court's ruling in State v. Woodruff, 676 So.2d 975 (Fla.1996), we affirm. However, we agree with the trial judge that Justice Wells' dissent in Woodruff provides a more logical reading of the felony DUI statute.
Psomas had previously been convicted three times on misdemeanor DUI charges. On April 9, 1999, Psomas was again arrested for DUI and was charged by traffic citation with one count of misdemeanor DUI. This charge resulted in a pending county court case. Psomas's attorney filed a notice of appearance, a demand for discovery, and a request for a copy of the information in the county court.
On May 26, 1999, the State filed an amendment to the traffic citation in county court, allegedly amending the charge from misdemeanor DUI under section 316.193(2)(a), Florida Statutes (1999), to felony DUI under section 316.193(2)(b), Florida Statues (1999). That same day, the State also filed a felony information in circuit court charging Psomas with felony DUI under section 316.193(2)(b) based on the April 9 citation. The felony information clearly states that the charge is "arising from citation 99-492958WTWS." This information resulted in a pending circuit court case. Psomas's attorney filed a notice of appearance, a demand for discovery, and request for a copy of the information in the circuit court. In the circuit court proceedings, the State hand-delivered discovery, and Psomas filed a reciprocal witness and exhibit list.
On July 28, 1999, Psomas filed a motion for discharge on speedy trial grounds in the misdemeanor DUI case pending in county court. Psomas alleged that the county court had jurisdiction over the misdemeanor DUI case because no motion to consolidate the misdemeanor case with the felony case had ever been filed. He alleged that the speedy trial period on the misdemeanor case had expired and that discharge was appropriate. In response, the State filed a motion to strike, alleging that there was no longer a pending county court case because the misdemeanor DUI charge had been "certified" to the circuit court. The county court granted Psomas's motion for discharge, noting that there *1086 was no rule or statute providing for "certification" of a misdemeanor case from county court to circuit court. The county court concluded that absent consolidation of the misdemeanor charge with the felony charge or a nolle prosequi of the misdemeanor charge, the misdemeanor case was still viable in county court. Since the speedy trial period had in fact expired, discharge was required. Following this ruling, Psomas filed a motion to dismiss the felony DUI charge in the circuit court on the basis of Woodruff. The trial court reluctantly granted this motion. This appeal followed.
Section 316.193, Florida Statutes (1999) provides in part:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;
(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.
(2)(a) Except as provided in paragraph (b), subsection (3), or subsection (4), any person who is convicted of a violation of subsection (1) shall be punished:
1. By a fine of:
a. Not less than $250 or more than $500 for a first conviction.
b. Not less than $500 or more than $1,000 for a second conviction.
c. Not less than $1,000 or more than $2,500 for a third conviction; and
2. By imprisonment for:
a. Not more than 6 months for a first conviction.
b. Not more than 9 months for a second conviction.
c. Not more than 12 months of a third conviction.
(b) Any person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; however, the fine imposed for such fourth or subsequent violation may be not less than $1,000.
Clearly, subsection (1) sets forth the substantive elements required in order to obtain a conviction for DUI, while subsection (2) sets forth the possible sentences that may be imposed after conviction.
In Woodruff, on facts almost identical to those presented here, the majority held that neither double jeopardy nor estoppel applied to bar the prosecution of a felony DUI case when the underlying misdemeanor DUI charge had been dismissed. See Woodruff, 676 So.2d at 977. However, the majority also held:
Notwithstanding, a conviction of the felony DUI charge in the instant case would be impossible to obtain. Under section 316.193(2)(b), Florida Statutes (1991), a felony DUI conviction is obtained by proving a misdemeanor DUI conviction on the present charge and proof of three or more prior misdemeanor DUI convictions. Here, each present misdemeanor DUI charge was discharged, thereby rendering it impossible to prove the current misdemeanor DUI conviction. Without the current misdemeanor DUI conviction, the charge of felony DUI could not be proven.
. . . .
The only reason Woodruff prevails in this case is because of the unique requirement of section 316.193(2)(b) that there be a conviction of the current DUI misdemeanor in order to establish the crime of DUI after three previous DUI convictions.
Id. at 978 (emphasis added).
In dissent, Justice Wells contended that the statute did not require a conviction on *1087 the current misdemeanor charge. Rather, to prove a felony DUI charge under section 316.193(2)(b), the State must simply prove each of the elements listed in subsection (1) and the defendant's convictions on three or more prior misdemeanor DUI charges. Id. at 980. Justice Wells pointed out:
The felony DUI conviction is therefore not reliant on a present misdemeanor conviction but rather a present conviction based upon proof of driving under the influence in violation of subsection (1). Once the facts supporting this charge are proven, the State must then prove the charge of three or more prior violations of subsection (1) in order to satisfy the essential elements of felony DUI.
Id. (emphasis added). Thus, under Justice Wells' reading, the State proves a felony DUI charge by proving each of the elements required to prove that the defendant was guilty of DUI and then proving that the defendant has three or more prior misdemeanor DUI convictions. The dismissal of the underlying misdemeanor charge does not prevent the State from proving the required elements for a felony convictionit simply prevents conviction of a misdemeanor.
We respect and accept the majority decision in Woodruff. However, we do not understand how the speedy trial discharge of a misdemeanor DUI charge pending in county court prohibits the timely prosecution of the defendant on a felony DUI charge based upon facts which have never been subject to jeopardy.
Affirmed.
WHATLEY, J., and SEALS, JAMES H., Associate Judge, Concur.