985 So.2d 1115 (2008)
Adolfo HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2645.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Rehearing Denied July 24, 2008.
Silvia M. Gonzalez, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
*1116 Before GREEN, WELLS, and SUAREZ, JJ.
SUAREZ, J.
Adolfo Hernandez seeks to reverse the trial court's denial of his motion to dismiss a felony DUI based on expiration of the speedy trial period in an underlying misdemeanor DUI in county court. We reverse.
Hernandez was arrested on July 22, 2005, and charged by citation with driving under the influence of alcohol pursuant to section 316.193, Florida Statutes (2005), driving in violation of imposed restrictions, and driving with a suspended driver's license. These charges were filed in county court as misdemeanors.[1] At an October 7, 2005 hearing on these charges, the State announced that it was filing a felony information in the circuit court based on the same offenses, charging Hernandez with count 1, felony DUI pursuant to section 316.193(2)(b)3, Florida Statutes (2005), as well as the other citation violations as counts 2 and 3. The State orally asked the court to transfer the misdemeanor cases from the county to the circuit court. The State did not nolle prosse the misdemeanor charges or file a motion to consolidate the misdemeanor charges with the felony charges. The county court issued what appears to be a blanket "order to transfer cause/bond," which states that the listed misdemeanors have been "upgraded" to felony and transferred to the circuit court, and assigned case number F05-32389. Also included in the record are three separate orders "to transfer/consolidate" each misdemeanor, reciting that the case is "TRANSFERRED to Circuit Criminal."
On December 5, 2005, Hernandez filed a notice of expiration of the ninety-day speedy trial period on the DUI citation filed in county court. Fla. R.Crim. P. 3.191(a), (h). On March 21, 2006, Hernandez filed a motion to dismiss the felony DUI count of the information. In that motion he argued that the State failed to move to consolidate the pending DUI misdemeanor with the felony DUI pursuant to Florida Rule of Criminal Procedure 3.151(b), or nolle prosse the misdemeanors when it filed the felony information. Thus, he argued, the county court did not lose jurisdiction, the ninety-day speedy trial period expired, and as the State failed to bring the defendant to trial the misdemeanor DUI charge must be dismissed. The trial court denied the motion. Hernandez subsequently pleaded guilty to the felony and was sentenced, but reserved the right to appeal.[2]
On appeal, Hernandez argues that in the absence of a proper motion to consolidate the misdemeanor case with the felony case, the county court continued to have jurisdiction, the ninety-day misdemeanor speedy trial period continued to run and the larger, 175-day felony speedy trial period was not invoked. Thus, Hernandez argues, the misdemeanor DUI should have been dismissed and the felony DUI upon which it relies cannot be prosecuted.
*1117 It is clear that the State must file a motion to consolidate the misdemeanor with the felony, or nolle prosse the misdemeanor if it wants to proceed with the felony. See State v. Psomas, 766 So.2d 1085 (Fla. 2d DCA 2000); State v. Coble, 704 So.2d 197 (Fla. 4th DCA 1998). In an abundance of caution, we believe that the record before us shows that the State did not do thisthe orders and tracking documentation merely transferred the misdemeanors to circuit court. Without a proper motion to consolidate pursuant to Florida Rule of Criminal Procedure 3.151(b), the county court retained jurisdiction and should have dismissed the misdemeanor DUI when the ninety-day speedy trial period expired. See Psomas, 766 So.2d at 1085-86.
This does not end the analysis. The Florida Supreme Court has held that dismissal of the misdemeanor DUI does not bar or estop litigation of the felony DUI because they are not the same offense. See State v. Woodruff, 676 So.2d 975 (Fla.1996). Misdemeanor DUI does not require proof of existence of three or more misdemeanor DUI convictions as does felony DUI. Woodruff, 676 So.2d at 977; see § 316.193, Fla. Stat. (2005). But the Woodruff Court concluded that section 316.193(2)(b) requires that there be a conviction for the current DUI misdemeanor to establish the crime of felony DUI after three previous misdemeanor DUI convictions. Woodruff, 676 So.2d at 978. As the statute has been interpreted by the Woodruff court, the felony DUI conviction is obtained by proving a misdemeanor DUI conviction on the present charge as well as proof of three or more prior misdemeanor DUI convictions. Id. at 978; see also Psomas, 766 So.2d at 1085, (affirming trial court's motion to dismiss felony DUI charge on basis of Woodruff, after county court dismissed misdemeanor DUI upon expiration of speedy trial period). Following Woodruff, we must conclude that because the trial court should have dismissed the misdemeanor DUI, the current felony DUI cannot be sustained. The trial court's order is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] County court case numbers 550687X, 5504DRP, and 5505DRP.
[2] The transcript of the plea hearing is unavailable. The State has argued that without the transcript, Hernandez is unable to prove that he reserved the right to appeal the issue. However, the record before us contains the Clerk's Minutes for October 19, 2006, the date of the plea hearing (continued from September 13, 2006). The notation states that the "Mtn [motion] for supersedeas bond and stay of sentence pending appeal filed and reset. Deft. [defendant] taken into custody. Court agrees that plea shall be vacated if deft. is successful on appeal of mtn to dismiss denial and it is also agreed that motion is dispositive." [emphasis added]. We find this clear record notation to be sufficient proof that the defendant preserved his right to appeal the issue.