597 So.2d 960 (1992)
STATE of Florida, Appellant,
v.
Ervin Eugene WILLIAMS, Appellee.
No. 91-2501.
District Court of Appeal of Florida, Fifth District.
May 1, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The issue in this case is the applicability of the 15-day recapture period in Florida's speedy trial rule[1] after the state has entered a nolle prosequi, recharged the defendant, and failed to bring him to trial within 190 days of his initial arrest.
Subsection (h)(2) of Rule 3.191 provides:
(2) Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
Based on the foregoing provision and the case of State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), the trial court rejected the state's reliance on this 15-day recapture period and discharged the defendant even though his trial date was set 13 days after his motion to discharge was filed following his rearrest. In Agee the court said:
"Our speedy trial rule was promulgated in order to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial." Lewis v. State, 357 So.2d 725, 727 (Fla. 1978). If we should accept the state's argument that 3.191(i)(3) allows the phoenix-like rebirth of a case years after entry of a nolle prosequi, the critical stimulus referred to in Lewis would be lost. A prosecutor nearing the end of the speedy trial period, but wishing to delay the trial, could enter a nolle prosequi, *961 take the additional months or years desired, and then file a new information. The prosecutor would merely be required to commence the trial within 15 days following the refiling of the charges.
As was discussed above, (h)(2) of the rule was adopted for the purpose of avoiding this result, and the trial court was correct in determining that (h)(2) required the discharge of the appellee. We hold that where the requisite speedy trial period has passed and the defendant could have secured a discharge, had a nolle prosequi not been entered, the 15-day recapture period provided by Rule 3.191(i)(3) is inapplicable.
The converse argument is set forth by the majority opinion of Judge Schwartz in Zabrani v. Cowart, 502 So.2d 1257 (Fla.3d DCA 1986), an opinion which has twice been approved by the Florida Supreme Court.[2] Therein, it was pointed out that the grace period added to the speedy trial rule, effective January 1, 1985, changed the analysis of the rule: the "operative event" which triggers a defendant's right to discharge is no longer simply the running of a prescribed period of time but rather the filing by that defendant of a motion for discharge. Presumably, once that motion is filed subsequent to the expiration of the 175 day period, the defendant has the right to either be tried during the recapture period or discharged. The state cannot toll the running of the recapture period by the filing of nolle prosequi because of the provisions of Rule 3.191(h)(2).
Accordingly, we reverse and remand for trial of the defendant, Ervin Williams.
REVERSED AND REMANDED.
GOSHORN, C.J., and HARRIS, J., concur.
NOTES
[1] See Fla.R.Crim.P. 3.191(i).
[2] See Zabrani v. Cowart, 506 So.2d 1035 (Fla. 1987); Bloom v. McKnight, 502 So.2d 422 (Fla. 1987).