622 So.2d 477 (1993)
Ervin Eugene WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 79976.
Supreme Court of Florida.
July 1, 1993.
*478 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for respondent.
SHAW, Justice.
We have for review State v. Williams, 597 So.2d 960 (Fla. 5th DCA 1992), based on conflict with State v. Agee, 622 So.2d 473 (Fla. 1993). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Williams.
Williams was arrested and charged with burglary of a dwelling, petit theft, and dealing in stolen property based on incidents that occurred between March 1 and 5, 1991. Several days prior to the running of the speedy trial period, the State entered a nolle prosequi and Williams was released from custody. Four days after expiration of the speedy trial period, the State refiled identical charges based on the same incidents and Williams was rearrested. The trial court granted Williams' motion for discharge, ruling that the nol pros did not toll the running of the speedy trial period. The district court reversed, relying on Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), approved, 506 So.2d 1035 (Fla. 1987), and recognizing conflict with State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991).
We have since resolved this issue in State v. Agee, 622 So.2d 473 (Fla. 1993), wherein we approved the district court decision in Agee and disapproved Zabrani. Accordingly, we quash the district court decision below in Williams and remand for proceedings consistent with our opinion in Agee.
It is so ordered.
BARKETT, C.J., and McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs in result only.