PER CURIAM.
On July 28, 1993, P.S. was arrested for grand theft of a motor vehicle and resisting an officer without violence. On September 1, 1993, the state filed a petition for delinquency, charging P.S. with burglary, grand theft of a motor vehicle, and resisting an officer without violence. On October 26, 1993, the state nol prossed the charges set forth in the petition. On October 27, 1993, the state re-filed the petition for delinquency, charging P.S. with the identical offenses. On October 29, 1993, the trial court conducted a hearing. During the hearing, both counsel for the respondent and the state informed the trial court that the state had nol prossed the charges in the original petition on October 26, 1993. Counsel for P.S. then argued that the state could not re-file the petition since the 90-day speedy trial period had expired on October 26, 1993. See Fla. R.Juv.P. 8.090(a)(1). Counsel for the state argued that the state could re-file the petition, since the 15-day recapture period had not yet expired. See Fla.R.Juv.P. 8.090(j)(3). Citing State v. Agee, 622 So.2d 473 (Fla.1973), the trial court dismissed the re-filed petition. We reverse.
In Agee, the supreme court, considering Florida Rule of Criminal Procedure 3.191, held that the recapture period could not be tacked on after the lapse of both the time allotted under the speedy trial rule including the 15-day recapture period. Otherwise, as the court pointed out, the state unilaterally could toll the running of the speedy trial period for an unlimited time by the taking of a nol pros.
In Williams v. State, 622 So.2d 477 (Fla.1993), the court observed that the state had entered a nol pros several days prior to the running of the “speedy trial period,” and four days after expiration of the “speedy trial period,” the state re-filed the identical charges. The trial court had granted Williams’ motion for discharge; however the district court thereafter had reversed. The supreme court quashed the district court’s decision, and concluded that the nol pros did not toll the speedy trial period, and thus, the state could not re-file the identical charges based on the same incident after entry of the nol pros and expiration of the “speedy trial period.” In Williams, however, the facts given are insufficient for us to conclude with certainty whether the court, in referring to the “speedy trial period” was referring solely to the 175 days provided in Rule 3.191(a), or, as argued here, by the state, the 175 days plus the 15-day recapture period, as provided in Rule 3.191(p)(3). We certify this as a question of great public importance.
In the instant case, we conclude that under Florida Rule of Juvenile Procedure 8.090, the speedy trial rule for juvenile offenders, the state was to bring the juvenile to trial within the speedy trial period; however, that period included the window of opportunity or recapture period of 15 days. Fla.R.Juv.P. 8.090(j)(3). Once the state was into the recapture or window of opportunity period, it could not enlarge or seek an extension under the exceptional circumstances doctrine but it could nonetheless put the *167 juvenile to trial if the trial date setting would not prejudice the juvenile in preparation for the trial proceeding. The facts of the instant case thus distinguish it from Agee. Here, the state had the balance of- the window period to bring the juvenile to trial, and still be within the times set out in Rule 8.090. Absent argument that the trial date setting would prejudice the juvenile in the preparation of his ease, the trial court erred in granting the motion to dismiss.
Accordingly, we reverse the order under review and certify the question posed.