PER CURIAM.
We have for review the following question certified to be of great public importance by the Third District Court of Appeal:
Under Williams v. State, 622 So.2d 477 (Fla.1993), is a juvenile entitled to discharge if the State files a nolle prosequi and does not refile the charges until after the 90-day speedy trial period provided in Florida Rule of Juvenile Procedure 8.090(a)(1) has expired?
See State v. P.S., 641 So.2d 165, 166 (Fla. 3d DCA 1994).[1] We have jurisdiction. Art. V, *93 3(b)(4), Fla. Const. We answer the question in the affirmative and quash the district court’s decision.

Procedural History

On July 28, 1993, P.S. was arrested for grand theft of a motor vehicle and resisting an officer without violence. On September 1, 1993, the State filed a petition for delinquency, charging P.S. with burglary, grand theft of a motor vehicle, and resisting an officer without violence. On October 26, 1993, the State nol pressed the petition for delinquency. The next day, one day after expiration of the 90-day period provided in Florida Rule of Juvenile Procedure 8.090(a)(1), the State refiled the petition for delinquency, charging P.S. with the identical offenses.
P.S. filed a motion for discharge. See Fla.R.Juv.P. 8.090(a)(1). In response, the State contended that it could refile the petition after the expiration of the 90-day speedy trial period and still receive the benefit of the 15-day recapture period provided for in Florida Rule of Juvenile Procedure 8.090(j)(3). The trial court, pursuant to State v. Agee, 622 So.2d 473 (Fla.1993), dismissed the refiled petition for delinquency since it was filed after the 90-day speedy trial period provided in the juvenile rules had expired.
On appeal, the Third District reversed the trial court and held, in essence, that the speedy trial period was 105 days. P.S., 641 So.2d at 166.

Law and Analysis

The sole issue in this case is whether the speedy trial period specified in rule 8.090(a)(1) should be read to include the 15-day “window of recapture” provided in rule 8.090(j). See generally John F. Yetter, Florida’s New Speedy Trial Rule: The “Window of Recapture,” 13 Fla.St.U.L.Rev. 9 (1985).[2] Rule 8.090 of the Florida Rules of Juvenile Procedure establishes the time limits for speedy trial:
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (m). The court before granting such motion shall make the required inquiry under subdivision (d).
Subdivision (m) is entitled “Remedy for Failure to Try Respondent Within the Specified Time,” and provides:
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
In State v. Agee, 622 So.2d 473 (Fla.1993), we held that when the State enters a nolle prosequi “the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired.” Id. at 475 (emphasis added). We also explicitly receded from two of our prior decisions “to the extent they suggest the fifteen-day window of recapture applies in such cases.” Id. at 476. On the same day we decided Agee, we also decided Williams v. *94 State, 622 So.2d 477 (Fla.1993), wherein we were presented with a situation almost identical to that presented here:
Several days prior to the running of the speedy trial period, the State entered a nolle prosequi and Williams was released from custody. Four days after the expiration of the speedy trial period, the State refiled identical charges based on the same incidents and Williams was rearrested. The trial court granted Williams’ motion for discharge, ruling that the nol pros did not toll the running of the speedy trial period. The district court reversed, relying on Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), approved, 506 So.2d 1035 (Fla.1987), and recognizing conflict with State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991).
Id. at 478. Based on our holding in Agee, we quashed the district court decision and approved the trial court’s discharge ruling.
Here, the trial court acted exactly as did the trial court in Williams. As in Williams, the speedy trial period had already expired when the State refiled the charges against P.S. Based on our decisions in Agee and Williams, we hold that the applicable “speedy trial period” is the 90-day period expressly provided for in rule 8.090(a)(1). The recapture or window period provided for in rule 8.090(j) was not intended to permit the State to file, or to refile, charges against a defendant after the 90-day speedy trial time provided in the rule has expired, and then to bring the defendant to trial on the new charges in fifteen days or less. Contrary to the holding below, the speedy trial period has not been expanded to 105 days.[3]

Conclusion

Based on our decisions in Agee and Williams, we hold that by entering a nol pros and then refiling identical charges after the speedy trial period has expired, the State is not entitled to extend the speedy trial period for an additional 15 days. Accordingly, we answer the certified question in the-affirmative, quash the district court decision below, and direct that the trial court’s order of discharge be reinstated.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which OVERTON, J., concurs.

. There is no precise question posed in the opinion below. We have stated the question to em *93 brace the issue decided by the district court.

. See also J.B. v. Korda, 436 So.2d 1109, 1110 (Fla. 4th DCA 1983) (holding that criminal speedy trial rule — rule 3.191' — and rule 8.090 form continuum within which all aspects of speedy trial lie in neat relationship and are to be read as in pari materia); In re Amendments to Fla.Rule of Juvenile Procedure 8.180 (Speedy Trial), 532 So.2d 1272, 1273 (Fla.) ("The rule change proposed by the state attorneys is intended to conform to the procedures for dismissal for failure to abide by the speedy trial rule with those of Florida Rule of Criminal Procedure 3.191 as that rule applies to felonies.”) revised, 536 So.2d 199 (Fla.1988).