679 So.2d 69 (1996)
STATE of Florida, Appellant,
v.
T.W., a Child, Appellee.
No. 95-2467.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Elliot B. Kula, Assistant Attorney General, West Palm Beach, for appellant.
Hilliard E. Moldof, Fort Lauderdale, for appellee.
RAMIREZ, JUAN, Jr., Associate Judge.
This is an appeal from an order granting a motion to dismiss a petition for delinquency based on a speedy trial violation. We affirm.
On March 10, 1995, T.W., a juvenile, was arrested on a charge of battery in violation of section 784.03(1)(a), Florida Statutes (1993). *70 When T.W. declined an offer to enroll in a preintervention program for juveniles, the state filed a petition for delinquency on June 9, 1995, ninety-one days after the arrest.
T.W. promptly filed a motion to dismiss, alleging that the state failed to hold an adjudicatory hearing within ninety days of T.W.'s arrest as required by section 39.048, Florida Statutes (1993). The issue presented here is whether the state is entitled to the fifteen-day "window of recapture" period as provided by Florida Rule of Juvenile Procedure 8.090(j), (m), where the petition was not even filed within the ninety-day speedy trial period mandated by both section 39.048 and rule 8.090.
Initially, the supreme court has already resolved any conflict between section 39.048 and rule 8.090. R.J.A. v. Foster, 603 So.2d 1167, 1171 (Fla.1992), held that section 39.048 is procedural in nature and, therefore, rule 8.090 takes precedence over the statute.
But even under the rule, the state is not permitted to file a petition for delinquency after the ninety-day period has already expired. In P.S. v. State, 658 So.2d 92 (Fla. 1995), the state entered a nolle prosequi of the original petition for delinquency on the ninetieth day, and refiled the charges on the ninety-first day, one day after the expiration of the speedy trial period. In affirming the discharge of the juvenile, the supreme court held that
the applicable "speedy trial period" is the 90-day period expressly provided for in rule 8.090(a)(1). The recapture or window period provided for in rule 8.090(j) was not intended to permit the State to file, or to refile, charges against a defendant after the 90-day speedy trial time provided in the rule has expired, and then to bring the defendant to trial on the new charges in fifteen days or less.
658 So.2d at 94; accord State v. Agee, 622 So.2d 473 (Fla.1993); Williams v. State, 622 So.2d 477 (Fla.1993).
Similarly, the speedy trial period in this case expired one day before charges were filed against T.W. Therefore, the state is not entitled to file charges against T.W. beyond the ninety-day period and avail itself of the recapture period provided for by the rule.
AFFIRMED.
STONE and SHAHOOD, JJ., concur.