754 So.2d 817 (2000)
D.A.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3752.
District Court of Appeal of Florida, Second District.
April 5, 2000.
*818 Scott L. Robbins, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
In this Anders[1] appeal, D.A.J. challenges his conviction for battery on a law enforcement officer. Because our independent review of the record reveals a speedy trial violation, we reverse.[2]
D.A.J. was arrested on January 22, 1998 for resisting arrest without violence and battery on a law enforcement officer, both of which allegedly occurred on January 10, 1998. On May 5, 1998, the State filed its initial petition for delinquency based on the events of January 10, 1998. At a pretrial hearing held July 27, 1998, D.A.J. moved to dismiss the petition, arguing that it was filed after the expiration of the speedy trial period provided in Florida Rule of Juvenile Procedure 8.090(a). The trial court summarily denied the motion. In a negotiated agreement, the State then nolle prossed the charge of resisting arrest without violence, and D.A.J. pleaded no contest to the charge of battery on a law enforcement officer while reserving his right to appeal the denial of his motion to dismiss.
Florida Rule of Juvenile Procedure 8.090(a) provides a 90-day speedy trial period in juvenile cases. The 90-day period begins to run on the earlier of the date the child is taken into custody or the date a petition for delinquency is filed. See Fla. R. Juv. P. 8.090(a). If an adjudicatory hearing does not commence within the 90-day period, the child may move for dismissal based on the violation of the speedy trial rule. See Fla. R. Juv. P. 8.090(d).
In P.S. v. State, 658 So.2d 92 (Fla.1995), the Florida Supreme Court held that the State could not refile charges against a juvenile after the speedy trial period expired. The State argued that it could enter a nolle prosequi to the charges in the initial petition, refile the petition after the speedy trial period expired, and bring the child to an adjudicatory hearing within the 15-day "window of recapture" provided for by rule 8.090(j) and (m). Id. at 93. In rejecting the State's argument, the court stated:
[W]e hold that the applicable "speedy trial period" is the 90-day period expressly provided for in rule 8.090(a)(1). The recapture or window period provided for in rule 8.090(j) was not intended to permit the State to file, or to refile, *819 charges against a defendant after the 90-day speedy trial time provided in the rule has expired....
Id. at 94. Because the speedy trial period expired before the State refiled charges, the court affirmed the dismissal of the petition and discharged P.S. Id.
Similarly, in State v. T.W., 679 So.2d 69, 70 (Fla. 4th DCA 1996), the State filed its initial petition for delinquency 91 days after T.W. was arrested. In affirming the dismissal of the petition, the Fourth District held that under rule 8.090, the State is not permitted to file its initial petition for delinquency after the speedy trial period has expired. Id. Further, the 15-day "window of recapture," triggered by the child's filing a motion for discharge, does not apply when the State does not file its initial petition before the speedy trial period expires. Id.
In this case, the 90-day speedy trial period began to run with D.A.J.'s arrest on January 22, 1998. It expired on April 22, 1998. The State filed its initial petition for delinquency on May 5, 1998, 103 days after D.A.J.'s arrest and 13 days after the expiration of the speedy trial period. Because the speedy trial period had expired before the State filed its initial petition, the State was not permitted to file charges against D.A.J. for the events of January 10, 1998. Therefore, the trial court should have granted D.A.J.'s motion to dismiss the petition.
In his Anders brief, D.A.J.'s attorney raised the speedy trial violation as a possible basis for appeal, but stated that D.A.J.'s failure to file a written motion for discharge was fatal to his claim. The provisions of rule 8.090 that appear to require written motions are those dealing with the 15-day "window of recapture." See Fla. R. Juv. P. 8.090(m). Those provisions are not implicated in this case because the "window of recapture" provisions are irrelevant when the State fails to file its initial petition within the speedy trial period. See P.S., 658 So.2d at 94; T.W., 679 So.2d at 70. Therefore, we reverse D.A.J.'s conviction and remand this case to the trial court for discharge.
Reversed and remanded.
FULMER and GREEN, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Neither D.A.J.'s counsel nor the State recognized this violation.