784 So.2d 1229 (2001)
STATE of Florida, Appellant,
v.
James M. JACKSON, Appellee.
No. 1D00-1706.
District Court of Appeal of Florida, First District.
April 26, 2001.
Rehearing Denied May 29, 2001.
Robert A. Butterworth, Attorney General, Thomas D. Winokur, Assistant Attorney General, Office of the Attorney General, Tallahassee and Sean Granat, Assistant State Attorney, Jacksonville, for Appellant.
David M. Robbins, Epstein & Robbins, Jacksonville, for Appellee.
POLSTON, J.
The State appeals the circuit court's order granting the defendant's motion to dismiss and to discharge the State's charges of felony DUI and misdemeanor DUI against the defendant. The circuit court granted the motion because a county *1230 court had discharged the misdemeanor DUI due to the State's failure to comply with the speedy trial rule. Relying on State v. Woodruff, 676 So.2d 975 (Fla. 1996), the circuit court ruled that because the felony DUI charge requires four convictions of misdemeanor DUI, and the fourth misdemeanor was properly discharged by the county court, the defendant could not be convicted of felony DUI. Because we rule that, under these facts, the county court did not have jurisdiction to discharge the misdemeanor DUI charges against the defendant, the circuit court's order granting the motion to dismiss and to discharge is reversed.
The defendant was arrested on October 21, 1999, and charged in county court with DUI, racing on highways, and failing to obey a traffic control device. On January 10, 2000, the State entered a nolle prosequi in county court for all of the charges. On January 25, 2000, ninety-six days after this arrest, the defendant gave notice in county court of the expiration of the speedy trial period and moved for a discharge of the misdemeanor.
Prior to the county court's order of discharge, the State filed an information on February 3, 2000 in circuit court, charging the defendant with his fourth misdemeanor DUI offense under section 316.193, Florida Statutes (1999). The State also charged the appellee with a felony DUI under section 316.193(2)(b), Florida Statutes (1999)("[a]ny person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree").
The county court granted the defendant's motion for a discharge of the misdemeanor DUI on March 27, 2000.
On April 3, 2000, in circuit court, the defendant filed a motion to dismiss the felony DUI charge, citing Woodruff. Because the felony DUI charge requires four misdemeanor DUI convictions, the defendant successfully argued that the county court's discharge of the underlying misdemeanor DUI (the requisite fourth DUI misdemeanor under the felony charge) rendered proof of the felony DUI impossible.
Generally, the State must bring misdemeanors to trial within 90 days and felonies within 175 days. Fla.R.Crim.P. 3.191(a). When a felony and misdemeanor are consolidated for trial in a circuit court, the speedy trial period for felonies applies to the misdemeanor charge. Fla. R.Crim.P. 3.191(f). Although a nolle prosequi does not toll the running of the speedy trial period, charges may be refiled if the speedy trial period has not run. See Williams v. State, 622 So.2d 477 (Fla. 1993); State v. Vixamar, 687 So.2d 300, 303 (Fla. 4th DCA 1997), review denied, 695 So.2d 703 (Fla.1997).
In this case, the speedy trial deadline for the misdemeanor DUI filed in county court was January 19, 2000. The speedy trial deadline for the felony DUI and misdemeanor DUI filed in circuit court was April 13, 2000.
Because the information filed in circuit court on February 3, 2000 was well before the speedy trial deadline of April 13, 2000, it is not barred by the speedy trial rule. Woodruff, 676 So.2d at 978, citing Crain v. State, 302 So.2d 433, 434 (Fla. 2d DCA 1974)(explaining that the speedy trial rule does not bar prosecution of greater degree crimes because defendants charged with misdemeanors "ought to be in no better position.. than [they] would have been had [the misdemeanors] not been filed insofar as the time within which [the defendants] must be brought to trial on the felony charge[s] is concerned").
The speedy trial deadline for the felony DUI and misdemeanor DUI charges in circuit court is 175 days. Fla. R.Crim. P. 3.191(f). As in Woodruff, the information *1231 in circuit court was filed prior to the speedy trial deadline. Because the defendant should not be in a better position than if the county court misdemeanor DUI charge had not been filed, the speedy trial rule does not bar the information in circuit court.
The issue then is whether, as in Woodruff, the circuit court is estopped from prosecuting the defendant for the same misdemeanor DUI from which the defendant has been previously discharged. Woodruff, 676 So.2d at 977. In Woodruff, the Florida Supreme Court held that the principle of estoppel attached to the misdemeanor offenses in the information filed in circuit court because they were the same as those discharged in county court. Id. Because the misdemeanor DUI was estopped, the Florida Supreme Court held that it was impossible for the State to prove the felony DUI. Id. at 978.
The case at bar is different from Woodruff because in this case, the State filed a nolle prosequi in county court and refiled the misdemeanor charge in circuit court. Because the State filed new charges in circuit court after its nolle prosequi in county court, the circuit court obtained exclusive jurisdiction pursuant to section 26.012(2)(d), Florida Statutes (circuit courts "shall have exclusive original jurisdiction: Of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged;"); Ledlow v. State, 743 So.2d 165 (Fla. 4th DCA 1999)(circuit court had subject matter jurisdiction over felony and misdemeanor, quoting § 26.012(2)(d), Fla. Stat.); State v. R.J., 763 So.2d 370, 371 (Fla. 4th DCA 1998)("Everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the state is a nullity."); State v. Spence, 658 So.2d 660, 661 (Fla. 3d DCA 1995)("Upon the state's announcement of a nol pros of the information, which was self-executing, the case was effectively nullified and the proceeding terminated."). The discharge by the county court is of no effect because the county court lost jurisdiction. Accordingly, there is no estoppel to the misdemeanor DUI charge brought in circuit court as was the case in Woodruff.
The case cited by defendant, Reed v. State, 649 So.2d 227 (Fla.1995), does not apply to these circumstances. As distinguished by the Court in Woodruff, "Reed is easily distinguished from the instant case because in Reed the information charging the defendant with felonies was not filed until after the speedy trial period had run." Woodruff, 676 So.2d at 978. Moreover, in Reed, there was not a loss in jurisdiction arising from section 26.012(2)(d), Florida Statutes.
Also, the facts of the instant case do not indicate the State was attempting to improperly avoid the effects of the speedy trial rule. See State v. Johnson, 479 So.2d 279, 280 (Fla. 2d DCA 1985)(holding that the State was not attempting to avoid the effect of the speedy trial rule when the second information was filed well within the deadline following the defendant's arrest.)
We reverse the circuit court's order and remand the case for reinstatement of the misdemeanor and felony DUI charges.
Reversed and Remanded for further proceedings.
BARFIELD, C.J., and WOLF, J., concur.