906 So.2d 1258 (2005)
Jeffrey LOVELACE, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D05-746.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
Charles D. Barnard of Charles D. Barnard, P.A., Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
We withdraw our previous opinion filed on June 1, 2005 and replace it with this opinion.
The issue presented by this petition for writ of prohibition is whether a violation of the speedy trial rule for a misdemeanor DUI charge precludes a felony DUI charge based on the same incident and prior DUI convictions. We hold that *1259 it does and certify conflict with State v. Jackson, 784 So.2d 1229 (Fla. 1st DCA 2001).
Florida Rule of Criminal Procedure 3.191(a) provides that a person charged with a misdemeanor must be brought to trial within 90 days of arrest and that a person charged with a felony must be brought to trial within 175 days of arrest. Under rule 3.191(p) a defendant, after the expiration of the proscribed time period, may file a "notice of expiration of speedy trial time" and, with some exceptions not applicable here, must be brought to trial within 15 days or "forever discharged from the crime."
Defendant was arrested and issued a citation for misdemeanor DUI on August 11, 2004. A few days after the ninety day speedy trial period expired, defendant filed a notice of expiration of speedy trial time on November 15, 2004, in county court. The state then filed a "no information" on November 19, 2004. Defendant was not brought to trial and moved for discharge on November 30, 2004, which was the end of the fifteen day recapture period.
The next day, on December 1, 2004, the state filed a felony DUI charge in circuit court based on the same incident and prior DUI convictions. See § 316.193(2)(b)1, Fla. Stat. (2004). The county court in which the misdemeanor charge had been pending held a hearing on defendant's motion for discharge on December 6, 2004 and concluded it had no jurisdiction to grant the motion because of the "no information" filed by the state.
A "no information," which is synonymous with "no action," is filed by a prosecutor for the purpose of letting a person who has been arrested know that an information will not be filed or an indictment will not be sought. Purchase v. State, 866 So.2d 208 (Fla. 4th DCA 2004). Because the charging document in this case was the traffic citation, Florida Traffic Court Rule 6.040(b), and there was no reason to inform the defendant that an information would not be filed, we assume that the state intended to nol pros the misdemeanor when it filed the "no information." The county court's ruling that it had no jurisdiction because of the filing of the "no information" is consistent with the conclusion that the state intended to nol pros. In any event it makes no difference what the state intended by filing the "no information."
After the county court concluded it had no jurisdiction to grant the motion for discharge, defendant filed a motion for discharge in circuit court, where the felony information was pending, which was denied. His motion was based on State v. Woodruff, 676 So.2d 975 (Fla.1996), in which it was held that the discharge of a misdemeanor DUI in county court based on the speedy trial rule would preclude a felony prosecution based on the same incident and prior DUI convictions. Defendant seeks a writ of prohibition, which is the remedy for the improper denial of the right to a speedy trial. Lowe v. Price, 437 So.2d 142 (Fla.1983).
Under rule 3.191(p), if a defendant is not brought to trial within fifteen days after filing a notice of expiration of speedy trial time, the defendant must be "forever discharged from the crime." In the present case defendant was not brought to trial within fifteen days of the filing of his notice of expiration of speedy trial period, but the state argues that the speedy trial period under these facts is the 175 day period for felonies, not the 90 days for misdemeanors, relying on State v. Jackson, 784 So.2d 1229 (Fla. 1st DCA 2001).
In Jackson, the defendant was arrested on October 21, 1999 and charged in county court with a DUI, but on January 10, 2000, the state entered a nol pros. On January 25, 2000, ninety-six days after his arrest, *1260 the defendant filed his notice of expiration of the ninety day speedy trial period. The state then filed an information in circuit court on February 3, 2000, charging felony DUI based on the same incident and prior DUI convictions. Defendant, who had not been brought to trial within fifteen days of his notice of expiration of speedy trial period, obtained a county court order granting his motion for discharge of the misdemeanor on March 27, 2000. The circuit court then ruled that the discharge of the underlying misdemeanor DUI made it impossible for the state to prove felony DUI under State v. Woodruff, 676 So.2d 975 (Fla.1996), and dismissed the information.
The state appealed and the first district reversed, holding that after the state nol prossed the misdemeanor DUI in county court, the county court no longer had jurisdiction to grant the motion for discharge based on the violation of the speedy trial rule. We are unable to reconcile that reasoning with State v. Agee, 622 So.2d 473, 475 (Fla.1993), in which our supreme court held that "when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." In addition, rule 3.191(o) states:
The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
The Jackson panel pointed out that, under rule 3.191(f), when a felony and misdemeanor are consolidated for trial in circuit court, the longer felony speedy trial applies to the misdemeanor charge. That rule, however, was not applicable in Jackson, because the misdemeanor charge was pending in county court, and not consolidated with a felony information pending in circuit court. The state's reliance on rule 3.191(f) in the present case is misplaced for the same reason.
In Jackson, as we noted earlier, the state filed the information in circuit court charging Jackson with a felony after the ninety day speedy trial period ran on the misdemeanor, but before the fifteen day window for trial expired. The holding of Jackson that this was sufficient to invoke the 175 day speedy trial period for felonies is in conflict with Williams v. State, 622 So.2d 477 (Fla.1993), decided at the same time as Agee, and holding that recharging the defendant during the window period is too late. The speedy trial period is ninety days, and does not include the fifteen day window. P.S. v. State, 658 So.2d 92 (Fla.1995) (applying Agee and Williams to rule 8.090, the speedy trial rule for juveniles).
We conclude that, under Agee and rule 3.191(o), the county court should have granted defendant's motion for discharge of the misdemeanor DUI based on the expiration of the speedy trial period. This leaves the state unable to prosecute defendant for felony DUI, which requires a conviction on the misdemeanor charged in this case and two prior DUI convictions. Woodruff, 676 So.2d at 977.
We therefore grant the petition for writ of prohibition and certify direct conflict with State v. Jackson, 784 So.2d 1229 (Fla. 1st DCA 2001).
POLEN and FARMER, JJ., concur.