PER CURIAM.
We initially accepted jurisdiction to review Lovelace v. State, 906 So.2d 1258 (Fla. 4th DCA 2005), a decision of the Fourth District Court of Appeal which certified conflict with the First District Court of Appeal’s decision in State v. Jackson, 784 So.2d 1229 (Fla. 1st DCA 2001). See art. V, § 3(b)(4), Fla. Const. Upon further consideration, we have now determined that Lovelace and Jackson address different situations and are not in conflict.
In Jackson, the defendant was charged with misdemeanor driving under the influence. The prosecutor filed a nolle prose-qui in county court before the ninety-day speedy trial period expired. The misdemeanor charge was refiled in circuit court along with the felony driving under the influence charge well before the applicable 175-day speedy trial period had expired. See Jackson, 784 So.2d at 1230. However, in Lovelace, the “no information” on the misdemeanor driving under the influence charge was filed in county court after the speedy trial time had run, and the misdemeanor was not refiled in circuit court along with the felony charge. See Lovelace, 906 So.2d at 1259. Thus, the courts in Jackson and Lovelace addressed two distinct situations — one where the misdemeanor speedy trial period had not expired and one where the period had expired. Moreover, the factual circumstances under which the Jackson court found the county court no longer had jurisdiction was based on the fact that the circuit court acquired jurisdiction over the misdemeanor charge when it was filed with the felony. That situation is not present in Lovelace.
Based on the aforementioned distinctions, there is no conflict between Lovelace and Jackson. We therefore exercise our discretion and discharge jurisdiction. Accordingly, the review proceeding is hereby-dismissed.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, and BELL, JJ„ concur.
WELLS and CANTERO, JJ., dissent.