TORPY, J.
In this Felony DUI case, which was originally filed as a misdemeanor, we are called upon to address whether the lower court erred in denying a defense motion to discharge Appellant based on a speedy trial violation. Concluding that Appellant was entitled to be discharged, we reverse.
On the evening of December 19, 2003, Appellant was arrested and issued a citation for misdemeanor driving under the influence. On March 18, 2004, she filed a Notice of Expiration of Speedy Trial Time, asserting that she had not been brought to trial within 90 days as required for a misdemeanor under the Speedy Trial Rule, Florida Rule of Criminal Procedure 3.191. The county court heard argument on the motion on March 25, 2004. At the hearing, the prosecutor stated that he was filing a felony DUI charge that day. The court entered an order stating: “Per Assistant State Attorney Case Upgraded to Felony.” However, despite the representation of the prosecutor, the felony information was not filed that day. In fact, the information was not filed until April 7, 2004.
In the meantime, on April 2, 2004, fifteen days after filing her Notice of Expiration, Appellant filed a motion for discharge in the county court. On May 6, 2004, the State filed a Nolle Prosequi in the county court with the following notation: “Driving under the influence misdemeanor DUI charge only. Pending felony DUI is not nolle prosequi.” After a hearing on May 19, 2004, the misdemeanor DUI was discharged.
On May 24, 2004, Appellant filed a motion for dismissal of the felony DUI case. By order rendered on June 25, 2004, the circuit court denied Appellant’s motion. The court ruled that, although the misdemeanor DUI case had been discharged, that discharge did not bar prosecution for the felony DUI offense.
Thereafter, Appellant entered a plea of no contest to felony DUI, reserving her right to appeal the speedy trial issue. This appeal timely followed.
We determine that the facts in this case are indistinguishable from those presented to our sister court in Lovelace v. State,[1] *1149 906 So.2d 1258 (Fla. 4th DCA), review granted, 917 So.2d 195 (Fla.2005), and review dismissed, 928 So.2d 1176 (Fla.2006). Based on the fourth district’s analysis, which we approve, the judgment and sentence are reversed.
REVERSED.
PLEUS, C.J. and PALMER, J., concur.

. The trial judge; in his defense, did not have the benefit of Lovelace at the time of his *1149 ruling. Although it was released prior to the filing of the briefs in this appeal, both counsel tailed to cite Lovelace in their briefs or by supplemental authority.