McCANN, JAMES W., Associate Judge.
 

 The dispositive issue on this appeal depends upon the commencement date for the running of the time periods afforded by the speedy trial rule. Fla. R.Crim. P. 3.191(a).
 

 The underlying alleged facts are that, on July 14, 2007, the appellant, Garret Andrew Grosser, and the victim, Alyssa Rei-tano, were at a party in the Lake Ida area of Palm Beach County when there was an altercation between them. Reitano attempted to leave in her vehicle and asked her friend, Melissa Watson, to drive because she was nervous and scared. Grosser followed Reitano’s vehicle onto 1-95 southbound and started to cross in front of her vehicle trying to force her into the concrete barrier wall. Grosser was also seen throwing things at the victim’s vehicle. This continued onto the exit ramp of Hillsboro Boulevard in Broward County, at which time Melissa Watson tried to exit to get away from Grosser. At that moment, Grosser, at a high rate of speed, cut in front of Watson suddenly and slammed on his brakes causing the vehicle (driven by Watson and occupied by Reitano) to collide with the rear of Grosser’s vehicle.
 

 After the accident, Grosser continued on, leaving the scene of the accident. Three witnesses stopped at the scene of the accident and gave a statement to the investigating state trooper.
 

 The operative facts giving rise to this appeal are that on July 14, 2007, the trooper arrived at the scene of this road rage incident, and, after concluding his investigation, prepared and signed three Florida Uniform Traffic Citations with the following charges: (1) Reckless Driving Property Damage Wanton Disregard for Life and Property; (2) Leaving Scene of Accident
 
 *720
 
 ■with Property Damage; and (3) Crash Failed to Give Information. On the first two citations, Trooper checked off the option stating “Criminal Violation Court Appearance Required As Indicated Below:”. On the third citation, the trooper checked off the option stating “Infraction Which Does Not Require Appearance In Court.” On all three citations, the trooper typed in the court information section which provides for a date, time and location for Grosser to appear in court: “Broward County Court To Be Set.”
 

 The record does not reflect that Grosser was ever served with these citations. The trooper attempted to serve the citations on July 16 and 17, 2007, but was unsuccessful. As a result, the trooper’s report indicates that he requested a
 
 capias
 
 for Grosser, but the record in this case does not reflect whether a
 
 capias
 
 was issued.
 
 [1]
 
 There was no further record activity regarding this matter until September 25, 2007 (seventy-four days later) when the State filed an Information in Broward County Court (Case No. 2007-037809TC10A) charging Grosser with two misdemeanors: Count I — Leaving the Scene of a Crash; and Count II — Reckless Driving.
 

 On January 31, 2008, the State filed an “Amended Information”
 
 [2]
 
 in Circuit Court charging Grosser with four criminal charges: Count I-Aggravated Assault with a Deadly Weapon (a motor vehicle); Count II — Felony Criminal Mischief; Count III — Leaving the Scene of a Crash; and Count IV — Reckless Driving. Counts I and II were third degree felony charges. Counts III and IV are the identical misdemeanor charges filed against Grosser in the September 25, 2007 Information filed in the County Court case.
 

 On February 19, 2008, Grosser filed a Notice of Expiration of Time for Speedy Trial pursuant to Fla. R.Crim. P. 3.191(h), in the County Court case, asserting that the ninety day time limit to be brought to trial on misdemeanors had expired.
 
 [3]
 
 On February 19, 2008, the State filed a “No Information” in the County Court case which the trial court likened to a
 
 nolle prosequi. See Lovelace v. State,
 
 906 So.2d 1258, 1259 (Fla. 4th DCA 2005). Although the State had the right to avail itself of the recapture periods in Rule 3.191(p), Fla. R.Crim. P., it foreclosed its rights to do so by filing a “No Information” indicating it had no intent to proceed on those charges.
 

 Grosser then filed a Motion to Dismiss in the Circuit Court case seeking a dismissal with prejudice of all charges on the grounds that “... speedy trial expired on October 31, 2007 in the County Court case.” At the April 4, 2008 hearing on the Motion to Dismiss, the State argued that the original Information was properly amended prior to the expiration of the speedy trial time (175 days) on the felony
 
 *721
 
 counts pursuant to Rule 3.191(a). The State contends that the speedy trial time began to run on the date of the filing of the Information in the county court on September 25, 2007.
 
 [4]
 
 Grosser maintains that the ninety day speedy trial time expired on October 12, 2007 (ninety days after the issuance of the Florida Uniform Traffic Citations), and that this precluded the State from filing felony charges arising out of the same conduct thereafter. It is also Grosser’s position that the 175 days had run on the filing of felony charges if the start date for the running of the speedy trial time was July 14, 2007.
 

 The trial court granted the Motion to Dismiss, explaining that: “The State first filed their case against defendant as a misdemeanor case. The 90 day speedy trial time expired on October 12, 2007. The State then refiled the case as a felony on January 31, 2008 which was over 200 days from the date the defendant had been arrested.”
 

 The State timely filed this appeal of the trial court’s dismissal of the four count Amended Information filed in Circuit Court Case No. 2008-2141CF10A.
 

 The State contends that the trial court erred in granting the Defendant’s Motion to Dismiss under the erroneous assumption that the speedy trial time limits had expired for both the misdemeanor and felony counts of the “Amended Information” as a result of utilizing the date on the Florida Uniform Traffic Citations as the commencement date (July 14, 2007). We agree and reverse as to Counts I and II charging Grosser with felonies, but affirm the dismissal on Counts III and IV charging Grosser with misdemeanors.
 

 Our analysis turns exclusively upon the determination of the date when the speedy trial clock begins to run pursuant to Rule 3.191(a). Rule 3.191(a) pro-rides that a defendant is entitled to trial within ninety days of
 
 arrest
 
 if the crime charged is a misdemeanor, or within 175 days of
 
 arrest
 
 if the crime charged is a felony. The rule goes on to state: “The time periods established by this subdivision shall commence when the person is taken into
 
 custody
 
 as defined under subdivision (d).” [e.s] Rule 3.191(d) defines “custody” as follows:
 

 For purposes of this rule, a person is taken into custody (1) when the person is
 
 arrested
 
 as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person
 
 is served with a notice to appear in lieu of physical arrest,
 
 [e.s.]
 

 There is no record to establish that (pri- or to September 25, 2007) Grosser was ever
 
 arrested
 
 on the misdemeanors filed in the county court action, nor is there any record to establish that he was
 
 served
 
 with a notice to appear in lieu of physical arrest. Furthermore, even if Grosser had been
 
 served
 
 with the Florida Uniform Traffic Citation issued by the trooper on July 14, 2007, those citations
 
 did not require him to respond in any way.
 
 The citations stated the return date was “To Be Set” in Broward County court. As such, he was not required to
 
 “appear in lieu of physical arrest,” or
 
 to “respond in
 
 *722
 
 any way” by any directive contained in the Florida Uniform Citations issued by the trooper.
 
 See State v. Coughlin,
 
 871 So.2d 935 (Fla. 5th DCA 2004);
 
 Ayres v. State,
 
 898 So.2d 1154 (Fla. 5th DCA 2005). Accordingly, the speedy trial time clock did
 
 not
 
 begin to run on the misdemeanor charges filed in the county court case on July 14, 2007.
 

 Even though Grosser believed and argued at the April 4, 2008 Motion to Dismiss hearing that the speedy trial clock began to run on July 14, 2007, Grosser’s trial counsel stipulated to use September 25, 2007
 
 [5]
 
 as the speedy trial clock commencement date. Grosser believed that because the Notice of Expiration of Time for Speedy Trial was filed more than ninety days after September 25, 2007 as well, and since the State filed a No Information after the Notice of Expiration was filed, the State would be barred from prosecuting
 
 any
 
 charges based upon the same conduct or criminal episode, including the felony charges filed in the Circuit Court.
 

 We find that the speedy trial clock began to run no sooner than September 25, 2007 under the facts of this case. Although there is no record to establish that Grosser was arrested or served with a Notice to Appear since the September 25, 2007 Information was filed, we do know that, upon filing an Information in the County Court, the defendant
 
 must
 
 have been served with a
 
 capias
 
 (or other form of arrest warrant) or a Notice to Appear along with the Information, which necessarily could not have occurred earlier than the date the Information was filed (September 25, 2007). Giving Grosser the benefit of the earliest possible date when he could have been arrested or served with a notice to appear upon the filing of an Information on September 25, 2007 is also consistent with Grosser’s trial counsel’s stipulation to utilizing that date at the Motion to Dismiss hearing.
 

 As a result, the ninety day speedy trial clock expired on December 24, 2007 for misdemeanors, not October 12, 2007, as found by the trial court. Similarly, the speedy trial clock for the filing of felony charges arising out of the same conduct or criminal episode would not have expired until March 18, 2008 (175 days from September 25, 2007).
 

 The trial court erred in dismissing the felony counts (counts I and II) on speedy trial grounds. The defendant was not entitled to discharge prior to a timely filing of a Notice of Expiration of Time for Speedy Trial, followed by required recapture procedures and time periods set forth in Rule 3.191(p).
 
 [6]
 

 The Appellant’s reliance upon this court’s decision in
 
 Lovelace
 
 is misplaced. In
 
 Lovelace, supra,
 
 the defendant was arrested for misdemeanor DUI on August 11, 2004. The defendant filed a Notice of Expiration of Speedy Trial Time on November 15, 2004. The State filed a “No Information” on November 19, 2004. On December 1, 2004, the State filed a felony DUI charge in Circuit Court based upon the same misdemeanor DUI together with the requisite two alleged prior DUI convictions.
 
 See
 
 § 316.193(2)(b), Fla. Stat. (2004).
 

 Lovelace,
 
 does not stand for the blanket legal proposition that the State is barred
 
 *723
 
 from filing felony charges arising out of the same conduct or criminal episode as misdemeanors which have been discharged by the speedy trial rule even if those charges are brought prior to the expiration of the felony speedy trial rule time limits. Instead, this Court, citing
 
 State v. Woodruff,
 
 676 So.2d 975 (Fla.1996), concluded in
 
 Lovelace,
 
 that the County Court should have granted the defendant’s Motion for Discharge of the misdemeanor DUI based upon the expiration of speedy trial. However, even though the felony DUI charge was filed
 
 within
 
 the 175 day period, this Court held that the State would be unable to prosecute the felony DUI as a direct result of the discharge of the misdemeanor DUI count on speedy trial grounds. The felony DUI charge required a conviction on the discharged misdemeanor DUI count together with proof of two prior DUI convictions. Without the discharged DUI misdemeanor, the State had no
 
 prima fa-cie
 
 case to obtain a felony DUI conviction.
 

 The chronology of this case is more closely aligned with the chronology in
 
 Woodruff.
 
 In that case, there was a County Court case and Circuit Court case pending at the same time charging Woodruff with Misdemeanor DUI (and other misdemeanor offenses) in County Court; and Felony DUI, along with misdemeanor DUI (and other misdemeanor offenses also charged in the County Court action). The defendant timely filed a “Notice of Expiration of Speedy Trial Time” in the County Court action. The State filed a
 
 nolle pro-sequi
 
 of misdemeanor charges in the County Court action. The defendant, Woodruff, filed a Motion to Dismiss the Information filed in the Circuit Court action, which was granted. The State appealed the dismissal of the Circuit Court Information. The Florida Supreme Court found that the principle of estoppel properly attached to the misdemeanor charges filed in the Circuit Court action since these offenses were the same as those that were discharged in County Court. However, estoppel did not attach to the Felony DUI charged in the Circuit Court action finding that Felony DUI is a completely separate offense than misdemeanor DUI. Since those charges were filed
 
 before the expiration of the felony speedy trial period,
 
 the State was not barred from prosecution of that offense. However, based upon the same reasoning as in
 
 Lovelace,
 
 the Supreme Court found that, by virtue of the discharge of the misdemeanor DUI offenses on speedy trial grounds, it would be impossible to obtain the felony DUI conviction. It was the need to prove the discharged misdemeanor DUI which controlled the outcome of both the
 
 Lovelace,
 
 and
 
 Woodruff,
 
 decisions.
 

 Since the Amended Information charging Grosser with Felonies in Counts I and II was filed before the expiration of the Felony Speedy Trial time limit, those charges were improperly dismissed. A different result is compelled for the disposition of Counts III and IV in the Circuit Court case. Both counts charged the identical misdemeanors charged in the County Court case. Since Grosser filed a timely Notice of Expiration of Time for Speedy Trial in the County Court case (i.e., after ninety days had passed since September 25, 2007), and since the State filed a
 
 nolle prosequi
 
 (or no Information) rather than attempting to avail itself of the recapture provisions of Rule 3.191(p), the State cannot proceed on those charges in the Circuit Court action filed beyond the expiration of the speedy trial time limit for misdemeanors. The speedy trial limits on the misdemeanor charges expired on or about December 24, 2007, but the “Amended Information” was not filed until January 31, 2008.
 

 Rule 3.191(o) makes clear that the State cannot circumvent the intent of the rule by
 
 *724
 
 suspending or continuing the misdemeanor charges or by entering a
 
 nolle prosequi
 
 (or no Information) and later refile the charges together with felony counts within the Felony Speedy Trial time limits (175 days). Once the speedy trial time limits for misdemeanors had expired and a timely Notice of Expiration of Time for Speedy Trial had been filed under the Rules, the defendant was entitled to be brought to trial within the timeframes and pursuant to the procedures set forth in Rule 3.191(p). Failing to do so in this case, the State cannot now prosecute those charges, either in their identical form (as they did in Counts III and IV of the Circuit Court action) or file any other
 
 misdemeanor
 
 charges based on the same conduct or criminal episode.
 

 Accordingly, Counts III and IV charging the defendant with leaving the scene of a crash and reckless driving, respectively, were properly dismissed by the trial court on speedy trial grounds. We affirm the trial court’s dismissal of the charges in Counts III and IV of the Amended Information on speedy trial grounds. We reverse the trial court’s dismissal of Counts I and II and remand for further proceedings.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . The Record does not include the County Court case file (Case No. 2007-037809TC10A); and the parties have not otherwise provided this information.
 

 [2]
 

 . Although the State captioned this as an “Amended Information,” the September 25, 2007 Information was filed in the County Court in and for Broward County, Florida, in County Court Case No. 2007-037809TC10A charging Grosser with two misdemeanors. The January 31, 2008 "Amended Information” was filed in the Circuit Court in and for Broward County, Florida, in Circuit Court Case No. 2008-2141CF10A charging him with the two felony counts and two misdemeanor counts. Accordingly, it does not appear that the January 31, 2008 Information should have been captioned as "Amended” since it was the first Information invoking the subject matter jurisdiction of the Circuit Court regarding this matter.
 

 [3]
 

 .Grosser contends that the ninety day time period began to run on the date when the Florida Uniform Traffic Citations were issued (July 14, 2007).
 

 [4]
 

 . The State argued at the hearing that § 775.15(4)(b), Florida Statutes, provided the basis for utilizing the date of filing an Information as the date when the speedy trial clock begins to run in cases where the defendant had not been previously arrested or served with a summons/Notice to Appear. Section 775.15, however, is the statute of limitations for the prosecution of criminal charges; it has no bearing whatsoever upon the speedy trial timeframes which are provided for in Rule 3.191. Notwithstanding, we will use September 25, 2007 as the date when the speedy trial clock begins under the facts of this case for reasons that will be explained further in this opinion.
 

 [5]
 

 . Defense counsel stated: "Actually, Judge, that’s kind of not accurate, but close. We’ll take the September 25th date ... Mr. Grosser is charged by summons and by the filing of the charge, so speedy trial definitely starts to click and starts to take place.”
 

 [6]
 

 . The Appellant did not file a Notice of Expiration of Time for Speedy Trial in the Circuit Court case, and would have been premature in doing so prior to March 18, 2008.