DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**RODRICK THOMAS,**
Appellee.

No. 4D2024-1487

[August 20, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; George Odom, Jr., Judge; L.T. Case No. 24-005139-CF10A.

James Uthmeier, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellant.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellee.

LEVINE, J.

The state appeals the trial court's dismissal of the charge of robbery based on a claim of a violation of speedy trial. The trial court determined that the state was trying to indirectly circumvent the speedy trial rule. We disagree. We find that the state had the right to file the charge of robbery within the 175-day time period for felony charges. As such, we reverse and remand.

On January 27, 2024, the defendant, appellee, was arrested for petit theft and battery. Appellee allegedly took $10.83 in merchandise and left the store without paying. When confronted by an employee of the store, appellee struck the employee in the upper eyebrow area, causing a minor laceration, and fled the scene. On May 3, appellee filed a motion for release from custody as well as a motion for discharge because no criminal information had been filed, and more than 90 days had passed since appellee's arrest. On May 8, the state filed an information charging appellee with a felony charge of robbery. On the same day, the state also filed a "no information" only on the battery allegation.

Appellee then filed a motion to dismiss, arguing that because he was arrested for two misdemeanors, he had to be brought to trial within the 90-day speedy trial rule for misdemeanors. Appellee claimed that the state was trying to circumvent the speedy trial rule by filing the "no information" on the battery and by filing the information for felony robbery after appellee had filed the motion to discharge. The state responded that the felony was filed within the 175-day speedy trial rule for felonies and that the 90-day period for misdemeanors would not apply. The trial court granted the motion to dismiss, finding that once an arrest had occurred, the state had a time obligation which it could not circumvent indirectly. From this dismissal, the state appeals.

We use the de novo standard of review when reviewing a "trial court's order discharging a defendant on speedy trial grounds." *State v. Telucien*, 225 So. 3d 385, 387 (Fla. 4th DCA 2017). The state argues that the trial court erred in granting the motion to dismiss since the robbery charge was filed within the 175-day speedy trial period. The state further argues that it is not precluded from filing felonies within the 175-day felony time period just because appellee was arrested for misdemeanors. Appellee responds that the state sought to circumvent the rule by filing a felony after the state had failed to file a criminal information for the misdemeanors within the 90-day time period for misdemeanors.

The United States Constitution as well the Florida Constitution provide the accused with the right to a speedy trial. U.S. Const. amend. VI; Fla. Const. art. I, §16(a). Rule 3.191 of the Florida Rules of Criminal Procedure sets forth the rules governing speedy trial. The version of the speedy trial rule in effect at the time of appellee's arrest in 2024 stated: "[E]very person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony." Fla. R. Crim. P. 3.191(a).[1]

---

[1] Effective July 1, 2025, the Florida Supreme Court amended the speedy trial rule. *In re Amendments to Fla. Rule of Crim. Proc. 3.191*, 411 So. 3d 385 (Fla. 2025). The speedy trial rule now starts from the date formal charges are filed rather than from the date of arrest. *Id.* at *386. The amended rule "make[s] clear that the recapture period is mandatory in all situations by deleting subdivision (o) . . . ." *Id.* The recapture period is increased from 10 to 30 days. *Id.* Finally, dismissals under this rule will be without prejudice unless a defendant's constitutional right to speedy trial has been violated, which would then require a dismissal with prejudice. *Id.*

Under this version of the rule, the speedy trial time period commences when a person is taken into custody, meaning either when the person is arrested or served with notice to appear in lieu of arrest. Fla. R. Crim. P. 3.191(a), (d). The applicable version of rule 3.191(*o*) stated:

> The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

The expiration of the applicable speedy trial period does not automatically entitle a defendant to discharge; rather, the defendant must file a notice of expiration of speedy trial. *State v. Pfeiffer*, 872 So. 2d 313, 314 (Fla. 4th DCA 2004). Under the applicable version of the speedy trial rule, rule 3.191(p)(3), the "recapture" period during which the trial court must hold a hearing is within 5 days, and the defendant must be brought to trial within 10 days.[2]

We find that the trial court erred in dismissing the felony charge of robbery on speedy trial grounds. The speedy trial time for felony offenses had not expired at the time the state filed the robbery charge. Although the speedy trial time for misdemeanors had run, the time for felonies had not. Further, the state had filed the felony charge during the 10-day recapture period for the misdemeanor petit theft.

*Nesworthy v. State*, 648 So. 2d 259 (Fla. 5th DCA 1994), is instructive. In *Nesworthy*, the state nolle prossed a misdemeanor DUI charge following the defendant's motion for discharge under the speedy trial rule. *Id.* at 259. The state filed a two-count information for DUI with serious bodily injury, a felony, and DUI with personal or property damage, a misdemeanor. *Id.* The state filed the new criminal charges after the 90-day misdemeanor speedy trial period, but before the expiration of the 175-day felony speedy trial period. *Id.* The trial court granted the motion to discharge the misdemeanor, but not the felony DUI charge. *Id.* The Fifth

---

[2] The speedy trial rules in effect at the time of appellee's arrest in 2024 are the applicable rules for consideration in this case. Since "Florida Rules of Court have only prospective effect, absent an express statement to the contrary," and there is no statement in this amendment for the rule to apply retroactively, then the amended rules effective July 1, 2025, would not apply in this case. *Arnold v. State*, 429 So. 2d 819, 820 (Fla. 2d DCA 1983).

District affirmed the trial court, finding that "[w]e have previously held that expiration of speedy trial on a lesser included misdemeanor with its shorter time frames does not bar prosecution on a greater felony offense." *Id.* at 260. The court concluded that "notwithstanding the speedy trial status of any previously filed misdemeanor, a felony may be charged and the defendant brought to trial within the speedy trial time frames applicable to felonies." *Id.*

*Nesworthy* is like the present case. In this case, like *Nesworthy*, the new felony charge was not filed within the 90-day misdemeanor speedy trial period, but it was filed within the 175-day felony speedy trial period. The *Nesworthy* court rejected the defendant's argument that "once the misdemeanor speedy trial deadline had run, the state could not recapture the remaining time period by filing a felony charge." *Id.* at 259. Appellee here is making the same essential argument that once the 90-day speedy trial period has run, the state is foreclosed from filing a felony, even within the 175-day felony speedy trial period. We, like the court in *Nesworthy*, reject this argument.

We also find *State v. Grosser,* 24 So. 3d 718 (Fla. 4th DCA 2009), to be instructive. In *Grosser,* the state charged the defendant in county court with two misdemeanors. *Id.* at 720. Before the expiration of the 175-day time period for felonies, but after the 90-day time limit for misdemeanors, the state charged the defendant in circuit court with the same two misdemeanors as well as two additional felonies. *Id.* The defendant filed a notice of expiration of speedy trial in county court. *Id.* The state filed a no information in that county court case. *Id.* The defendant then moved to dismiss the circuit court case based on the expiration of speedy trial. *Id.* The circuit court granted the motion to dismiss. *Id.* at 721.

This court affirmed the dismissal of the misdemeanors but reversed the dismissal of the felonies because the 175-day speedy trial period had not expired at the time the felony charges were filed. *Id.* at 722. This court determined that since the state filed the information with the felonies before the expiration of the felony speedy trial time period, the circuit court improperly dismissed those felony charges. *Id.* at 723. Thus, the present case is like *Grosser,* which permitted the state to file felonies arising out of the original case of two misdemeanors, where the state filed the new felony charges before the expiration of the felony speedy trial rule.

The trial court relied on three cases in dismissing the case on speedy trial grounds: *State v. Agee,* 622 So. 2d 473 (Fla. 1993), *Genden v. Fuller,* 648 So. 2d 1183 (Fla. 1994), and *State v. Williams,* 791 So. 2d 1088 (Fla. 2001). However, all three cases have a crucial difference from the present

case. In all three cases, all the relevant felony charges were filed after the expiration of the 175-day felony speedy trial period. On this critical factor, these cases are unlike the present case where the felony was filed before the expiration of the 175-day felony speedy trial period.

The trial court also relied on *Lovelace v. State*, 906 So. 2d 1258 (Fla. 4th DCA 2005). However, the trial court's reliance on that case was also misplaced. In *Lovelace*, the defendant was arrested for misdemeanor DUI. *Id.* at 1259. After notice of expiration of speedy trial, the state filed a no information. *Id.* The defendant moved for discharge. *Id.* The state then filed a felony DUI charge based on the same incident and two prior DUI convictions. *Id.* This court found that the trial court should have discharged the misdemeanor DUI based on expiration of speedy trial. *Id.* at 1260. This left the state unable to prosecute the defendant for felony DUI, which required a conviction on the misdemeanor charged in that case and two prior DUI convictions. *Id.*

Significantly, this court in *Lovelace* did not determine that the felony DUI charge needed to be discharged due to the expiration of the misdemeanor speedy trial period. Rather, the state could not prosecute the felony DUI charge in the absence of the discharged misdemeanor DUI offense. As we stated in *Grosser*, 24 So. 3d at 722-23, *Lovelace* "does not stand for the blanket legal proposition that the State is barred from filing felony charges arising out of the same conduct or criminal episode as misdemeanors which have been discharged by the speedy trial rule even if those charges are brought prior to the expiration of the felony speedy trial rule time limits."

Other cases vary in facts but share the one overriding conclusion that unless the misdemeanor is a necessary element of the felony, the state may file felony charges after the misdemeanor speedy trial period has expired, as long as the felony is timely filed. *See State v. Woodruff*, 676 So. 2d 975, 978 n.4 (Fla. 1996) (noting that "the dismissal of a charge of petit theft under the speedy trial rule would not serve to bar prosecution of a defendant charged with robbery even though petit theft is a necessarily lesser included offense of robbery"); *State v. Mercer*, 112 So. 3d 523, 529 (Fla. 2d DCA 2013) (stating that where the prosecution nolle prossed a charge of misdemeanor petit theft, "[t]he applicable speedy trial period for refiling the felony petit theft charge in circuit court was the 175-day felony period"); *Bonilla v. State*, 62 So. 3d 1233, 1233 (Fla. 5th DCA 2011) (finding that the state could bring a charge for felony DUI with serious bodily injury that arose from the same criminal conduct as a nolle prossed misdemeanor DUI charge where the felony charge was filed within 175 days after the defendant's arrest).

In summary, we find that the trial court erred in dismissing the felony robbery charge on speedy trial grounds.  The felony was filed within the permissible 175-day speedy trial period for felonies.  As such, we reverse and remand for the trial court to reinstate the felony robbery charge.

*Reversed and remanded with directions for further proceedings.*

CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***